27604.  BREWER *v.* THE STATE.

DECIDED JUNE 13, 1939.

*C. D. McCutchen, Hardin & McCamy,* for plaintiff in error.

*J. H. Paschall, solicitor-general,* contra.

BROYLES, C. J.  The accused was indicted and convicted of operating a public dance hall for profit, without having paid the license required by law.  His motion for new trial (containing the general grounds only) was overruled; and he excepted.  The Code, § 92-2004, provides that "persons operating dance halls where dancing is *permitted* or taught for pay, shall pay $100 for each place of business."  (Italics ours.)  The case was tried by the judge without the intervention of a jury, on an agreed statement of facts. That statement shows that the defendant owns and operates a place of business known as "Circle Inn," in Whitfield County; that the business consists of selling sandwiches, lunches, barbecue, and drinks; that the dining-room contains a lunch counter, a number of tables and chairs; that the tables are near the wall of the room, leaving an open space between the tables and the lunch counter, so that the customers or guests may dance therein; that in the

room is an electric phonograph, kept there by the defendant for the purpose of furnishing music to his guests, who can dance thereto if they so desire; that the music starts when a nickel or other coin is put in a slot attached to the phonograph; that some of his guests put coins in the slot for the purpose of dancing, and some do so merely to have music during their meals; that no charge is made and no fee collected from any person for dancing, *except that the defendant receives for himself one half of all the money put in the slot;* that the phonograph is owned by a music company in Atlanta and is leased to the defendant, and the company gets the other half of the money put in the machine; that frequently the defendant puts coins in the slot for the purpose of furnishing music and entertainment for his guests; that he permits any person who places a coin in the phonograph to dance by the music; that some of his guests come to his place for the purpose of dancing, while others come solely to get lunches and drinks; that dancing is not taught there for pay or otherwise; that defendant has not obtained a license for the operation of a public dance hall.

As stated in the brief of counsel for the plaintiff in error, the sole question in the case is whether the place of business operated by the accused is a public dance hall within the meaning of the statute; and we think that under the decision of this court in *Cooley* v. *State,* 55 *Ga. App.* 751 (191 S. E. 273), the question must be answered in the affirmative. In that case the accused was convicted of operating, for profit, a public dance hall in Fulton County, but without the limits of the City of Atlanta, without having first obtained the permission of the commissioners of roads and revenues of the county. However, the undisputed evidence showed that Cooley had not obtained such permission, and the only issue in the case was whether he was operating for profit a public dance hall, within the meaning of the statute. The record of file in the office of the clerk of this court shows the following undisputed facts: Cooley operated a place of business consisting of a swimming-pool and a house where lunches and drinks were sold, and where persons danced to the music of a phonograph. The phonograph played when a nickel was dropped in the slot by any one who wanted to dance. The machine belonged to a music company, and all the money deposited therein went to the company; but Cooley guaranteed that the company would receive $7.50 a

week, and the phonograph was installed as a "drawing card" to his business, and was put there for that purpose. There was no direct charge for dancing, but any one who desired to dance had to put a nickel in the slot. Cooley was convicted in the criminal court of Fulton County, and obtained a certiorari from the superior court. On the hearing thereof the judge overruled the certiorari, and in his order said: "It appears from the evidence that the defendant operated the dance hall. He had a mechanical musical instrument installed there, with a slot attachment, and those who used the hall for dancing purposes were required to deposit money in the instrument in order to obtain the music to dance by, and the users of the hall for dancing purposes did deposit money in the machine in the manner stated. The paying of money in this manner constituted a revenue derived directly from the dance hall, paid by those, or for the benefit of those, who wished to dance to the accompaniment of music." This court held: "The evidence authorized the verdict, it being shown thereby that the defendant maintained such a [public] dance hall, and that its operation, either directly or indirectly, brought to him money or profit." The instant case is a stronger one for the State than the *Cooley* case; for here the defendant directly received one half of all the money deposited in the phonograph. The court did not err in overruling the motion for new trial.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*