## 29320. DODSON *v.* THE STATE.

DECIDED NOVEMBER 14, 1941. REHEARING DENIED DECEMBER 11, 1941.

*Frank L. Forester, Clifford E. Hay,* for plaintiff in error.

*Edwin S. Kemp,* solicitor, contra.

GARDNER, J. The defendant was convicted of violating the provisions of Ga. L. 1937, p. 624, by the judge of the city court of Clayton County, acting without a jury, to whom the case was submitted on an agreed statement of facts as follows: "The defendant, Mrs. C. V. Dodson, has for several months been operating a place of business known as 'Dodson's Roadside Rest;' the same being primarily a restaurant where fine foods are served, located on Georgia Highway No. 3 in the County of Clayton, but up until Saturday night, September 6, 1941, she had not in any way operated or maintained any kind of dance hall in connection with her said business, since the commissioners of said county refused to renew her dancing license on or about July 15, 1941. On Saturday night, September 6, 1941, she did, however, allow her guests and customers at her said place of business to use one room in the building in which her said business is carried on as a dance floor without making any charge whatever for the same and did also, herself, provide the music for dancing on said floor without making any charge whatever for the same. She did not charge or in any way receive any money or profit from either the said dancing or the said music. On the contrary, all the expense and cost of the said dance were her loss or donation. At the time of so doing the said Mrs. C. V. Dodson had not secured any permission from the commissioners of roads and revenues of Clayton County, Georgia, so

to do. .Defendant allowed dancing to her customers as an added privilege and attraction or inducement, and sold drinks, sandwiches and dinners to all customers whether dancing or not." The commissioners passed "a resolution against granting or renewing any dancing permit to anybody whomsoever, and accordingly refused to renew Mrs. Dodson's old license upon its expiration on July 15. . . Dodson's Roadside Rest is located outside the limits of any incorporated municipality." To the judgment the defendant excepted.

We think this case is controlled by *Cooley* v. *State*, 55 *Ga. App.* 751 (191 S. E. 273), and *Brewer* v. *State*, 60 *Ga. App.* 202 (3 S. E. 2d, 465). We decline the defendant's request that we review and overrule those cases. It is conceded that the place in question is located outside the limits of an incorporated municipality. It appears from the facts that before July 15, 1941, the defendant did operate a dance hall at her place, with the permission of the county commissioners and in compliance with the provisions of the statute under consideration, but that on or about this date the commissioners refused to renew the permit of the defendant to operate a dance hall. The statute provides for such course by the commissioners under a proper case. It does not appear from the record on what grounds the commissioners refused to renew the permit, and it must be assumed that the refusal was within the terms of the statute, that is, for sufficient cause. Afterwards, on September 6, 1941, it appears that the defendant sought to conduct a dance hall in a manner which excluded her from the provisions of the statute. To do this she set aside a room at her place and furnished the music at her own expense. It is agreed that this was done "as an added privilege and attraction or inducement [to her customers], and sold drinks, sandwiches, and dinners to all customers whether dancing or not." We think these facts bring the instant case within the rule laid down in the *Brewer* and *Cooley* cases, supra. To hold otherwise would, we think, serve to nullify the intent and provisions of the statute.

While this court is without authority to pass directly on the constitutionality of the statute, we are urged, in construing it under the facts of this case, to consider this phase in a defensive application. As we view the case, it would be of little benefit to enter on a discourse of the many decisions cited by counsel. Suf-

fice it to say that in *Phillips* v. *Head,* 188 *Ga.* 511 (4 S. E. 2d, 240), the Supreme Court approved a principle, to us similar in import to the facts here, and pronounced that "The refusal of a license [permit] to the petitioner does not deprive him of life, liberty, or property."

It is earnestly contended by the defendant that under the agreed statement of facts there was shown but a single instance of operating a dance hall, and that for this reason the conviction should be set aside. Construing the statement of facts as a whole, it is evident that the defendant intended to establish, maintain, and operate the dance hall in violation of the terms of the statute, and we think that the fact presented to the judge, of operating it on September 6, did not exclude a contemplation of subsequent illegal operations. The judge was authorized to conclude that the establishment, maintenance, and operation were intended to be and in effect were to be considered as a continuous course of operation. From the record it was not hinted or urged that the defendant intended to operate this dance hall in the manner set forth for one night only and then to close such operation. We are quite sure that if such a situation had been so presented to the trial judge and that he had been in the least impressed with the idea that this was an innocent, single instance, he would have handled the situation differently. We believe, and so hold, that the conviction was warranted.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*