## COLLINS *et al. vs.* MCDANIEL & STRONG.

| 66 | 203 |
| 121 | 292 |

The clerk of the superior court is liable for damages sustained by reason of his failure to perform, or the improper or negligent performance of, the duties required of him.

(*a.*) A declaration alleged that the plaintiffs had had a case pending in the superior court, in which they had filed a bill of exceptions; that the clerk, whose duty it was to certify and send up the record and bill of exceptions, with the intention to defraud them, did not, and would not, make out and transmit such papers in due time; that by reason of this default the case was dismissed; and that if it had not occurred, plaintiffs would have obtained a new trial, and recovered the amount of their claim:

*Held,* that the allegations were sufficient, and a general demurrer thereto was properly overruled.

(*b,*) That the plaintiffs in error did not compel the clerk by *mandamus* to send up the record, was not such negligence as would prevent a recovery for the default.

Officers. Damages. Negligence. Before Judge CLARK. City Court of Atlanta. December Term, 1879.

Reported in the decision.

HOPKINS & GLENN, for plaintiffs in error.

ARNOLD & ARNOLD, for defendants.

CRAWFORD, Justice.

McDaniel & Strong brought suit in the city court of Atlanta to recover damages of the defendant, Collins, clerk of the superior court, and the securities on his official bond, for his failure to certify and send up the record and bill of exceptions to the supreme court in a case in which they were the plaintiffs and one Baugh, superintendent of the Western and Atlantic Railroad, defendant, within the time prescribed by law, and for which reason alone they allege that the writ of error was dismissed, and they thereby damaged five thousand dollars.

v 66—13

Collins *et al. vs.* McDaniel & Strong.

The defendants demurred to the declaration because it set forth no legal cause of action against them, which demurrer was overruled by the court, and they excepted.

An examination of the counts in plaintiffs' declaration shows the allegations to be that the defendant, as clerk of the superior court, whose duty it is to certify and send up the record and bill of exceptions as required by law, contriving and intending, craftily and subtly, to deceive and defraud the plaintiffs, did not, and would not, make out a copy of the bill and a transcript of the record and send up the same to the proper term of the supreme court, as required by law, but wholly refused and neglect-so to do till after the time in which he could legally perform the duties, by reason of which negligence, craft and default, and for no other cause, the suit of the plaintiffs was dismissed, when, if the same had been heard upon its merits, a new trial would have been awarded them, and that they would have recovered the amount of their claim, as under the law and evidence they were entitled to do.

The clerk, under the law, is liable for an injury sustained by any person by reason of his failure to perform, or by the improper or negligent performance of any of the duties required of him by law. Code, §160.

If a cause of action is, therefore, set out in the declaration, a general demurrer thereto should be overruled.

It was, however, insisted on the argument, that it should have been averred that there was no negligence on the part of the plaintiffs which tended to consummate the injury. In this connection §4264 of the Code was invoked to show that the plaintiffs might, upon petition to the supreme court, or the judge of the superior court, have compelled the clerk in this case to a performance of his duty by *mandamus*, and unless this was done, and an allegation thereof made, it showed such want of diligence on the part of the plaintiffs as made the case demurrable. This was an act intended to regulate the man-

ner of bringing cases to this court, and *to add to the power* of the plaintiff in error to compel the clerk to discharge this official duty, but it was never contemplated that it was to be used as a shield to justify him in negligently failing and refusing to perform his official duty in sending up to this court all the papers necessary to a proper adjudication of the case.

The law requires, before the clerk can enter upon the duties of his office, that he shall give bond and security for the faithful performance thereof, and for any breach of its condition he is liable thereon to any one who may be injured by such breach.

When suit is, therefore, brought against him for injuries alleged to have been sustained by reason of his wilful negligence and refusal to discharge the duties imposed upon him by law, shall it be held a good reply for him to say, that the allegation is true, but that, as you did not seek a *mandamus* against me and *force* me to discharge my duty, such a want of diligence on your part relieves me of all liability? We do not so construe the law.

Judgment affirmed.