## BOARD OF COMMISSIONERS OF ROADS AND REVENUES
## OF WALTON COUNTY *v.* ROBINSON.

1. The court did not err in allowing the amendment alleging demand and refusal to pay the salary.
2. Where a special criminal bailiff had been appointed in accordance with the provisions of § 808 of the Penal Code, relating to the appointment of such officers, and the board of commissioners of roads and revenues of the county have, instead of fixing a fair and reasonable salary which would meet the requirements of § 1132 of the Penal Code, fixed a nominal salary, the superior court should by mandamus, upon proper petition and showing therefor, compel the commissioners to fix a reasonable salary.

No. 4766.  AUGUST 14, 1925.

Mandamus. Before Judge Fortson. Walton superior court. January 31, 1925.

*Orrin Roberts,* for plaintiffs in error.  *W. O. Dean,* contra.

BECK, P. J.  R. P. Robinson brought a petition for mandamus against the board of commissioners of roads and revenues of Walton County. In the petition it is alleged that the county has more than 20,000 population, and that under the provisions of section 808 of the Penal Code the solicitor-general of the Western Circuit, in which Walton County is included, has the right to the services of a special criminal bailiff in the county; that on the first day of January, 1925, the solicitor-general appointed as special criminal bailiff of the superior court of that county R. P. Robinson, the petitioner, which appointment was duly and regularly approved by the judge of the superior court, filed in the office of the clerk of that court and entered of record; that after appointment, petitioner was qualified and commenced the duties incident to his appointment, and has since performed all the duties pertaining to the office mentioned; and that the board of commissioners of the county at their regular meeting fixed the salary of the criminal bailiff at the sum of $5 per month, for the purpose of registering their disapproval of the office. An amendment was offered, alleging demand for the fixing of a salary, and alleging that the commissioners have failed and refused to fix any other salary than that of $5 per month. The commissioners were informed that the salary should be $125 per month, and petitioner alleges that the sum of $125 per month is a fair and reasonable sum to be fixed for his salary. Applicant prayed for mandamus

nisi, and for a mandamus absolute after hearing, requiring the respondents to fix a salary of $125 per month.

Defendants answered, admitting that they had fixed the salary as stated in the petition, and saying further that the amount fixed is as much as said bailiff is worth to the County of Walton; that such bailiff is not needed; that, considering the large number of regular bailiffs of the county, there is very little work for a special bailiff; and they deny that plaintiff is entitled to a mandamus absolute as sought. The court issued a mandamus nisi. The defendants came in and answered the petition, and also demurred. The court overruled the demurrer and motion to dismiss the petition. After the hearing the court adjudged that there was an issue of fact involved, and ordered that the same be passed upon by a jury as provided by law. The defendants excepted to this order, and to the judgment of the court refusing to dismiss the petition as amended. They also excepted to the allowance of the amendment alleging demand and the refusal on the part of the commissioners to pay the salary in accordance with the law.

1. The court did not err in allowing the amendment alleging demand and refusal to pay the salary.

2. Section 808 of the Penal Code provides as follows: "In each county having more than twenty thousand inhabitants, the solicitor-general of the superior, city, and county courts shall each be entitled to a special criminal bailiff, to be appointed by such solicitor-general with the approval of the judge of the court, and to be subject to removal by such judge and solicitor-general for misconduct in office, or other sufficient cause, to be judged of by them." The pay of the officer referred to as criminal bailiff is fixed by section 1132 of the Penal Code, which declares that "The compensation of special criminal bailiffs shall be fixed by the ordinary, or by the county commissioners in those counties where such boards exist, and shall be paid out of the county treasury on warrants drawn by the ordinary or the board of commissioners of roads and revenues in the several counties where such bailiffs are appointed." Walton County has more than 20,000 population, and the solicitor-general of the circuit had, in accordance with the provisions of the statute, appointed the petitioner in this case as special criminal bailiff. That appointment had been approved by the judge of the circuit. That being true, under the

52

requirements of the statute the board of commissioners of roads and revenues should have fixed a reasonable salary, and the fixing of a mere nominal salary of $5 per month did not meet the requirements of the statute. And there being no other legal remedy available to the petitioner, he could maintain his application for mandamus to compel the commissioners to fix a salary under the provisions of the statute. Section 5440 of the Civil Code provides that "All official duties should be faithfully fulfilled; and whenever, from any cause, a defect of legal justice would ensue from a failure or improper fulfillment, the writ of mandamus may issue to compel a due performance, if there be no other specific legal remedy for the legal rights." And this court held, in the case of *Bryant* v. *Board of Education of Colquitt County,* 156 *Ga.* 688 (119 S. E. 601), that, "While mandamus is ordinarily a remedy for official inaction, and does not generally lie to control the conduct of an officer vested with discretion, yet where the exercise of such discretion has been so capricious or arbitrary as to amount to its gross abuse, mandamus is a proper remedy to correct such gross abuse of discretion." And in the case of *City of Atlanta* v. *Wright,* 119 *Ga.* 207 (45 S. E. 994), this court said: "Ordinarily the writ of mandamus is a remedy for official inaction. It does not lie to control the conduct of an officer vested with a discretion, except where the exercise of that discretion has been so capricious or arbitrary as to amount to a gross abuse." In the present case apparently the board of commissioners of roads and revenues has acted arbitrarily in fixing a salary of $5 per month for the special criminal bailiff. The petitioner says that $125 per month is a reasonable salary. However this may be, it is certain that the allowance of $5 per month for the salary was the allowance of a mere nominal sum. It is clearly inferable from the answer of the commissioners that they were of the opinion that there ought not to be any special criminal bailiff for the county, and that they were of the opinion that the office ought to be abolished; and that while they fixed a salary, they have fixed it at such an amount as will effectually abolish the office. This they have not the authority to do. They must officially take such action as will be substantial compliance with the requirements of the statute, and the court should have made the mandamus absolute, and required the board of commissioners of roads and revenues to fix a reasonably

adequate salary; and it was error to reserve for determination by a jury the question as to what was a reasonable salary.

In addition to the authorities quoted above, which lay down the general rule as to when mandamus is a proper remedy for official inaction, see the case of *Eagle &c. Mfg. Co.* v. *Browne,* 58 *Ga.* 240; also 19 R. C. L. 126, and the authorities there cited.

*Judgment reversed, with direction. All the Justices concur, except*

BECK, P. J., dissenting. In holding that the court should have granted the mandamus absolute requiring the commissioners of roads and revenues to fix the salary of the petitioner, and should not have reserved the question as to what is a reasonable salary for determination by the jury, I have in the foregoing opinion stated the conclusion of the majority of the court; but I can not agree to this holding of the court. I am of the opinion that the question as to what is a reasonable salary was a question of fact, and that the court properly reserved it for determination by a jury. When the court issues the mandamus absolute in accordance with the decision of this court, requiring the board of commissioners of roads and revenues to fix an adequate salary, they may increase the amount already allowed, but still fix the salary at an amount totally inadequate, and may then in obedience to a subsequent mandamus from the superior court fix a salary somewhat higher but still inadequate, and in that way protract this litigation. I think the question of what is a reasonable salary should be referred once for all to a jury, under instructions from the court as to the law; and when the jury have decided the question, then the court should issue his mandamus absolute and order the commissioners to fix the salary at the amount found by the jury to be reasonable and adequate.