554

## CITY OF CORNELIA *v.* WELLS.

No. 11061. December 16, 1935.

*Sam Kimzey* and *Herbert Griggs,* for plaintiffs in error.

*R. C. Scott, John L. Perkins,* and *Bynum & Frankum,* contra.

PER CURIAM. ■ In 1931 the charter of the City of Cornelia was amended as follows: "That the City of Cornelia is hereby authorized and empowered to build, construct, maintain, and operate a waterworks and sewerage system for the City of Cornelia; and the City of Cornelia is hereby expressly granted the right of eminent domain with the right to condemn lands, springs, or watercourses, for the purpose of constructing, repairing, or enlarging the waterworks system of the City of Cornelia, within or without the corporate limits of said city, whenever the corporate authorities deem it necessary and proper for the purpose of procuring the necessary water supply, laying water-mains, water-pipes, sewer-pipes, disposal plants, standpipes, or reservoirs, or any other things or appurtenances that may be necessary to the proper construction and operation of the waterworks and sewerage system in the City of Cornelia. If the owner, his agent or attorney, of the land, springs, or watercourses sought to be used will be damaged thereby, and if the owner of the land, springs, or watercourses, his agent or attorney, and the city commissioners or the corporate authorities of the City of Cornelia are not able to agree as to the amount of damages that will be due the owner of the land, springs, or watercourses by building, constructing, and maintaining said waterworks and sewerage system, then and in that event the City of Cornelia may proceed to condemn the property as prescribed by the existing law of the State of Georgia, as contained in Park's (1910) Code of Georgia, chapter 9, section 5206 to section 5246(j), inclusive, in so far as applicable." Ga. L. 1931, p. 732. This provision did not confer on the City of Cornelia the power to furnish water to the inhabitants of a different municipality, or to

others than the inhabitants of the City of Cornelia. *Mayor &c. of Gainesville* v. *Dunlap,* 147 *Ga.* 344 (94 S. E. 247), and cit.

■ Bonds of the City of Cornelia were voted in the year 1931, for water purposes. The judgment validating these bonds was rendered on August 1, 1931, in which judgment it was declared that "the purpose of said issue shall be the construction, the purchasing, repairing, building, improving, and enlarging said waterworks system of the City of Cornelia." On the motion of the City of Cornelia, filed against the State of Georgia in 1935, to modify the judgment of validation, the court had no jurisdiction to modify the judgment by enlarging the purposes for which the bonds might be issued and used, as determined by the judgment of validation. *East Tenn., Va. & Ga. Ry. Co.* v. *Greene,* 95 *Ga.* 35 (22 S. E. 36) ; *McCandless* v. *Conley,* 115 *Ga.* 48 (41 S. E. 256).

■ The court did not err in granting an injunction to restrain the City of Cornelia from carrying out its purpose to sell and furnish water to persons residing without the limits of the city and within the limits of a neighboring municipality, and from applying the proceeds of the bonds to purposes other than those for which they were voted and validated.

*Judgment affirmed. All the Justices concur.*

RUSSELL, Chief Justice, concurring specially: I concur in the judgment on the ground that the attempt to revalidate any of the bonds issued by the judgment of the superior court of Habersham County in 1931 was unauthorized by law.