## EX PARTE ROSS.

No. 14766.   FEBRUARY 8, 1944.

*George Elmer Ross,* pro se.

DUCKWORTH, Justice. (After stating the foregoing facts.) Mandamus against public officers is a remedy available to an individual where there is no other specific legal remedy, and a legal injustice will result from failure to perform a clear official duty. Code, § 64-101.   The writ will not control an officer in the exer-

cise of his discretion, but will only require such officer to act, leaving him free to exercise his own discretion. § 64-102. The writ will not be granted when it is manifest that it would, for any cause, be nugatory or fruitless, or on a mere suspicion or fear, before a refusal to act or a wrongful act is shown. § 64-106; *Smith* v. *Hodgson,* 129 *Ga.* 494 (2) (59 S. E. 272).

Tested by these principles of law, how stands the petition in the instant case? The law makes it mandatory that the members of the State board of bar examiners perform their duties of grading examination papers, and when the grade is seventy per cent. or more, that they certify to the judge of the superior court before whom the examination was taken that the applicant is entitled to a license to practice law. *Ex parte Ross,* supra. To compel the performance of these duties, the writ of mandamus will issue on behalf of one taking or seeking to take the State bar examination, but while the writ will compel these officials to act, it will not in any case control their action in the performance of a duty which requires the exercise of discretion. *Wood* v. *Board of Education,* 137 *Ga.* 808 (74 S. E. 540); *Daniels* v. *Commissioners,* 147 *Ga.* 295 (93 S. E. 887); *Richmond County* v. *Steed,* 150 *Ga.* 229 (103 S. E. 253); *Douglas* v. *Board of Education,* 164 *Ga.* 271 (138 S. E. 226); *Bashlor* v. *Bacon,* 168 *Ga.* 370 (147 S. E. 762). To do so, would be for the court to substitute its discretion for that of the officials, and would thus violate the law defining their duty.

While the present application does not pray that the applicant's examination papers be graded by the court, and thus the action of the State board in grading his papers be judicially reviewed, it does allege his own conclusion that on each of the various examinations he made a grade in excess of seventy per cent., and apparently assumes that if it could be established by proof that his answers entitled him to a grade of seventy per cent. or more, this fact would be sufficient ground to require the examiners to certify that he was entitled to a license to practice law. The bar examiners are chosen because of their high character, knowledge of the law, and experience in the practice of the law, and they are made the sole and exclusive judges of the matter of grading bar-examination papers. This involves the exercise of discretion; and when they have acted and have given a grade to an examination paper, there is no appeal from that decision. As pointed out by

this court in *Wood* v. *Board of Education,* supra, in grading examination papers no set formula is possible unless it be that all answers not one hundred per cent. correct must be classified as entirely incorrect. Such procedure would obviously be unfair and unjust. If the answer is correct in part and incorrect in part, the judgment and discretion of the examiner must be exercised in fixing a grade for that answer.

But the applicant in this case does not allege that the examiners have failed or refused to perform their official duties in the matter of grading his papers. The sole relief sought is that, since he concludes that he made a grade of seventy per cent. or more, the board be required to certify that the applicant is entitled to a license to practice law. The petition showing that the condition precedent to such certificate, to wit, that in the exercise of its discretion the board has given him a grade of seventy per cent. or more on his examination, has not been met, it is not shown that the board is under any duty to issue the certificate as prayed. Thus, the petition shows that the applicant has no ground for the issuance of the writ of mandamus, and the trial judge did not err in declining to sanction the same and in refusing a rule nisi. Code, § 64-107; *Gay* v. *Gilmore,* 76 *Ga.* 725.

*Judgment affirmed. All the Justices concur.*