WARD *v.* DRENNON *et al.; et vice versa.*

JENKINS, Presiding Justice. 1. To entitle one to the writ of mandamus it must appear that he has a clear legal right to have performed the particular act which he seeks to have enforced. *Adkins* v. *Bennett*, 138 *Ga.* 118 (74 S. E. 838); *Cassidy* v. *Wiley*, 141 *Ga.* 333 (80 S. E. 1046, 51 L. R. A. (N. S.) 128); *City of Atlanta* v. *Blackman Health Resort*, 153 *Ga.* 499 (5), 505 (113 S. E. 545).

2. An individual has no inherent right to obtain a permit or license to conduct a business which by its nature is so affected with a public interest as to be the proper subject for strict police regulation. *A fortiori*, the rule applies with respect to a business, such as is here involved, which may be wholly prohibited by law. A business of the latter type, and the one most frequently before the courts, is that of selling alcoholic beverages. In these cases this court has held consistently that, where the proper administrative body is vested with discretion to "issue permits or to refuse to issue permits," a denial of a license does not deprive the applicant of anything to which he has an absolute right, nor does it deprive him of life, liberty, or property. *Harbin* v. *Holcomb*, 181 *Ga.* 800, 801 (2c) (184 S. E. 603); *Phillips* v. *Head*, 188 *Ga.* 511 (4 S. E. 2d, 240); *McKown* v. *Atlanta*, 184 *Ga.* 221 (190 S. E. 571).

(*a*) In a proper case a right may exist to obtain a license or permit to conduct a business which is of a character inherently legitimate, as distinguished from one of the above category, and which, even though subject to some police regulation, can not be prohibited without violating some constitutional inhibition. See *Cutsinger* v. *Atlanta*, 142 *Ga.* 555, 562 (83 S. E. 263, L. R. A. 1915B, 1097, Ann. Cas. 1916C, 280). In such cases, where the right exists, and where it is made to appear that there has been a gross abuse of discretion in denying the license or permit, a writ of mandamus may lie, not to control the discretion of the administrative body which has acted on such application, but to compel a proper *exercise* of the powers granted. *City of Atlanta* v. *Wright*, 119 *Ga.* 207, 212 (45 S. E. 994); *Bryant* v. *Board of Education of Colquitt County*, 156 *Ga.* 688 (119 S. E. 601); *Board of Commissioners of Roads and Revenues of Walton County* v. *Robinson*, 160 *Ga.* 816, 818 (129 S. E. 73); *Richmond County* v. *Steed*, 150 *Ga.* 229 (103 S. E. 253).

(*b*) Professional wrestling, however, falls within the same category as "prize fighting," as to which, while not a distinct offense at common law, the participants were nevertheless indictable and punishable for assault or affray. Bouvier's Law Dictionary (Baldwin's Century Ed.), p. 985. In many jurisdictions such wrestling has been prohibited by statute. It must be recognized by its very nature to be brutal in character and dangerous to human life, and to affect the public peace, order, and morality of the community. 50 C. J. 412; 82 A. L. R. 732. This interpretation with respect to professional wrestling has been recognized by the statutory law of this State, in that by the act of 1937 (Ga. L. 1937, p. 624), dealing with certain activities without the corporate limits of cities of three thousand or more population,

the county authorities are given control of boxing and wrestling arenas so as to "grant or refuse such permission . . as they may deem proper for the public good." In dealing with this statute, this court has held that the writ of mandamus would not lie. *Phillips* v. *Head*, 188 *Ga.* 511, 516 (4 S. E. 2d, 240). With respect to the instant case, the city ordinance, which is not attacked, has legislated regarding such activities, and has vested the city authorities with the same absolute discretion that the legislature has given the county authorities.

3. Under the foregoing rulings, an applicant for a permit to promote professional wrestling matches in the City of Atlanta has no inherent legal right to engage in such a business which can be made the proper subject for enforcement by the writ of mandamus. This court will not, therefore, inquire into the exercise of discretion lawfully reposed in the defendants to determine whether or not such discretion has been grossly abused, or arbitrarily or capriciously exercised. *Hodges* v. *Kennedy*, 184 *Ga.* 400, 402 (191 S. E. 377).

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur.*

Nos. 15604, 15605. October 8, 1946. Rehearing denied November 15, 1946.

*Lokey & Bowden,* for plaintiff.

*J. C. Savage, J. M. B. Bloodworth, John E. Feagin,* and *J. C. Murphy,* for defendants.