18451. WALKER *et al. v.* WHEELER, Mayor, *et al.*

SUBMITTED JANUARY 12, 1954—DECIDED MARCH 8, 1954.

*Brantley Edwards,* for plaintiffs in error.

*William J. Wiggins, Murphy & Murphy, Claude V. Driver, Shirley C. Boykin,* contra.

HEAD, Justice. The petition alleged that the bonds approved by the voters of the City of Bremen were validated, issued, and sold for the purpose of "constructing and equipping a city hall." It is further alleged that a resolution has been adopted by the mayor and council of the city to use the proceeds from the sale of the bonds for the purchase of a tract of land with a building thereon, and that a deed has been procured from one of the defendants to described property. For the purpose of reviewing the ruling sustaining the general demurrers, these allegations of the petition must be taken as true.

Generally persons suing as taxpayers and citizens, in order to obtain the relief sought, must show danger of injury through loss of public funds or property. *Stegall* v. *Southwest Ga. Housing Authority,* 197 *Ga.* 571 (30 S. E. 2d 196). This general rule does not apply where the action is to prevent a diversion of trust funds arising from the sale of bonds.

In *Marks* v. *Richmond County*, 165 *Ga.* 316 (140 S. E. 880), it was held: "When bonds are authorized by popular vote for a particular purpose, the proceeds thereof constitute a trust fund which can not be diverted from such purpose and applied to some other purpose." Marks and others, as citizens and taxpayers, sought to enjoin the paving of a relocated highway. Their prayers for injunction were denied, and this judgment was reversed by this court. In the opinion it was said in part: "These bonds having been voted for the purpose of paving stretches of State highways which were then in existence and which then traversed the County of Richmond, the funds arising from their sale could not be diverted from that purpose and applied to the laying out or paving of new State highways which the State Highway Board might determine to establish, nor to paving stretches of a relocated State highway the location of which was determined upon after the election, . . ."

In the present case, the bonds might have been voted for the purpose of "constructing or acquiring" a city hall. This was not done. The bonds were voted for the purpose of "constructing and equipping a city hall," and any other use of the bond funds would be a diversion unauthorized by law and beyond the discretionary powers of the mayor and council.

For other cases holding that bond funds must be used strictly in accordance with the purposes for which the bonds were voted, see: *Dubberly* v. *Morris*, 163 *Ga.* 144 (135 S. E. 718); *City of Fayetteville* v. *Huddleston*, 165 *Ga.* 899 (142 S. E. 280); *Allen* v. *City of Atlanta*, 166 *Ga.* 28 (142 S. E. 262); *City of Cornelia* v. *Wells*, 181 *Ga.* 554 (183 S. E. 66); *Board of Education of Paulding County* v. *Gray*, 203 *Ga.* 583 (47 S. E. 2d 508).

The petition made a case for rescission of the alleged contract of purchase, and it was error to sustain the general demurrers and dismiss the petition.

*Judgment reversed. All the Justices concur.*