18743.   TOUCHTON *v.* ECHOLS COUNTY.

ARGUED SEPTEMBER 16, 1954—DECIDED OCTOBER 11, 1954.

*J. E. B. Stewart,* for plaintiff in error.

*John W. Langdale,* contra.

HEAD, Justice. Only the third headnote requires any elaboration. Mandamus is a proper remedy for official inaction. Code § 64-101. It does not lie to control the action of an officer vested with a discretion, in the absence of a gross abuse of such discretion. *City of Atlanta* v. *Wright,* 119 *Ga.* 207 (45 S. E. 994); *Wood* v. *Board of Education of Washington County,* 137 *Ga.* 808 (74 S. E. 540); *Richmond County* v. *Steed,* 150 *Ga.* 229, 232 (103

S. E. 253); *McGinty* v. *Gormley*, 181 *Ga.* 644 (183 S. E. 804); *Ward* v. *Drennon*, 201 *Ga.* 605 (40 S. E. 2d 549).

The plaintiffs contend that there is no statutory provision in this State with reference to the form of county bonds, and they insist that, under the provisions of Code § 87-306 (which requires the clerk of the superior court to sign a certificate on county bonds, "validated and confirmed by judgment of the superior court," specifying the date the judgment was rendered, and the court wherein it was rendered), it was the duty of the clerk to sign such certificate without reference to the contents of the bond. The plaintiffs are correct in their contention that our statutes do not require any particular form or any specific statement in bonds issued by any county of this State.

It is a well-established principle of law in this State, however, that Code sections related to the same subject matter shall be construed together. *Pickett* v. *Bank of Ellijay*, 182 *Ga.* 540 (186 S. E. 426); *Merritt* v. *Jowers*, 184 *Ga.* 762, 763 (193 S. E. 238); *Winston* v. *State*, 186 *Ga.* 573 (3) (198 S. E. 667, 118 A. L. R. 719); *Fulenwider* v. *Fulenwider*, 188 *Ga.* 856, 866 (5 S. E. 2d 20); *Newcomb* v. *Niskey's Lake, Inc.*, 190 *Ga.* 565 (10 S. E. 2d 51). Code § 38-601 provides that the certificate of any public officer of this State, or of any county, shall give sufficient validity to any copy or transcript of any record pertaining to their respective offices to admit it in evidence. Code § 24-2715 (14), pertaining to the duties of clerks of the superior court, provides for a *correct* transcript, properly certified, of any minute, record, or file in the office of such clerk. This section of the Code does not contemplate that an incomplete record, or one that does not represent the whole truth, shall be certified by the clerk as being the record on file in his office.

In the present case the resolution of the county commissioners calling the bond election recited that the members of the board deemed it necessary "for the best interest of the county to construct and furnish a courthouse and jail," and that, in order to raise the necessary funds "for constructing and furnishing said courthouse and jail," it is necessary that bonds be issued. The petition of the solicitor-general to validate the bonds recited that a resolution calling for an election was duly passed "to provide funds for the purpose of constructing and furnishing a court-

house and jail." The judgment of validation recited that bonds "as prayed for in petition" be validated. The bond form presented to the clerk of the superior court to be certified contained wording that the bond was one of a series "for the purpose of constructing and furnishing a courthouse in said county."

The clerk of the superior court, as custodian of all records pertaining to the validation proceedings, was called on by the commissioners to certify a bond that did not conform to the record. Under the rule that the validity of any process must be attacked in limine (in the beginning), (*Rucker* v. *Tabor*, 126 *Ga.* 132, 54 S. E. 959), the clerk could not have signed the certificate and thereafter sought to invalidate his own act.

It is a general rule of law that "Statutory provisions authorizing the issuance of bonds will be more strictly construed in actions to prevent such issuance than in actions to prevent the payment of the bonds after they have been issued and negotiated." 20 C. J. S. 1195, § 269.

There is no statutory requirement in Georgia that any statement be made in the bond form as to the purposes for which the bonds were voted and validated. If the bond purports to state the purpose of the bond issue, it should conform to the record and correctly set forth the purposes of the issue. A certification by the clerk that the bonds had been voted solely for the construction and furnishing of a courthouse would not have conformed to the record. Clerks of the superior courts of this State are no less liable for the negligent performance of their official duties than for a failure to perform. *Collins* v. *McDaniel*, 66 *Ga.* 203.

This court has long required strict adherence in the application of bond-funds to the purposes for which they were voted. See *Dubberly* v. *Morris*, 163 *Ga.* 144 (135 S. E. 718); *Marks* v. *Richmond County*, 165 *Ga.* 316 (140 S. E. 880); *City of Fayetteville* v. *Huddleston*, 165 *Ga.* 899 (142 S. E. 280); *Allen* v. *City of Atlanta*, 166 *Ga.* 28 (142 S. E. 262); *City of Cornelia* v. *Wells*, 181 *Ga.* 554 (183 S. E. 66); *Board of Education of Paulding County* v. *Gray*, 203 *Ga.* 583 (47 S. E. 2d 508); *Walker* v. *Wheeler*, 210 *Ga.* 432 (80 S. E. 2d 691).

There appears to be no legal or valid reason why the recitals in a bond, if any purpose is stated therein, should not conform

to the intents and purposes of the bond issue. Since our law contemplates that clerks of the superior courts shall make correct certificates, the trial court erred in making the mandamus absolute, and in ordering the clerk to sign a certificate that was not in accord with the record.

*Judgment reversed.  All the Justices concur.*