**Victor Eugene McMICHEN, Plaintiff,**

**v.**

**STATE BOARD OF BAR EXAMINERS OF GEORGIA; Henry J. Miller, Chairman, John J. Gilbert, William B. Gunter, John Bell Towill and Aaron J. Land, Defendants.**

**Civ. A. No. 12835.**

United States District Court
N. D. Georgia,
Atlanta Division.

Sept. 17, 1969.

Victor Eugene McMichen, pro se.

Arthur K. Bolton, Atty. Gen., Harold N. Hill, Jr., J. Robert Coleman, John W. Hinchey, Asst. Atty. Gen., Atlanta, Ga., for defendants.

Before BELL, Circuit Judge and EDENFIELD and HENDERSON, District Judges.

PER CURIAM:

The complaint here is against the State Board of Bar Examiners of Georgia and the individual members thereof. Plaintiff alleges various federal and state constitutional deprivations under the ap-

pertaining Georgia statutes, and under the practices and procedures of the examiners in administering the bar examination. His prayer includes a request to declare certain of the statutes void and for injunctive relief from the claimed wrongful conduct of the examiners. He also seeks admission to the bars of the state and federal courts.

 A three-judge court was convened under 28 U.S.C.A. § 2281. That statute requires a three-judge district court where a state officer is to be restrained from enforcing a state statute upon the ground of the unconstitutionality of such statute. However, as the Supreme Court said in Ex parte Bransford, 1940, 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249, the action of the state officer which is complained of must be directly attributable to the statute. 310 U.S. at 361, 60 S.Ct. 947. A three-judge district court is not necessary where the conduct complained of is illegal because of a wrong done by a state officer under the statute rather than because of the requirement of the statute itself. 310 U.S. at 359, 60 S.Ct. 947. The court went on to say that it was necessary to distinguish between a petition for an injunction on the ground of the unconstitutionality of the statute and one premised on the ground of the unconstitutionality of the result obtained by the use of the statute where the statute itself is not attacked as unconstitutional. 310 U.S. at 361, 60 S.Ct. 947. In Phillips v. United States, 1941, 312 U.S. 246, 61 S.Ct. 480, 85 L.Ed. 800, the court said that an attack on lawless exercise of authority in a particular case is not an attack upon the constitutionality of a statute conferring the authority even though a misreading of the statute is invoked as justification. 312 U.S. at 252, 61 S.Ct. 480.

In Idlewild Bon Voyage Liquor Corporation v. Epstein, 1962, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794, the court set out the rule that a three-judge district court is necessary only where a substantial constitutional question is presented. See also Bailey v. Patterson, 1962, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d

512. And the Supreme Court recently reiterated the congressional policy which had been theretofore stated in the *Phillips* case, supra, that the statute providing for the convening of a three-judge court is to be strictly construed. The reason for strict construction, the court said, is that the convening of such a court places a burden on the federal court system and also deprives the Supreme Court of the often crucial adjudication of the controversy by the courts of appeal. Allen v. State Board of Elections, 1969, 393 U.S. 544, 89 S.Ct. 817, 22 L.Ed.2d 1, 15.

This matter proceeded to a hearing before the three-judge court with these authorities as a frame of reference. It became clear upon the hearing that plaintiff's attack was against the Georgia statutes set out in various sections of Title 9 of the Georgia Code and which sections are denominated as follows: Code §§ 9–103 (1968 Cum. pocket part); 9–105 (1968 Cum. pocket part); 9–109; 9–110 (Cum. pocket part); 9–111; 9–113 (1968 Cum. pocket part); and 9–116 (1968 Cum. pocket part).

Only one of the questions asserted by plaintiff as against these statutes rises to the level of a three-judge district court question. That one will be discussed hereinafter. The claims as against the others in no wise allege action on the part of the bar examiners which is directly attributable to the respective statutes. Ex parte *Bransford*, supra. Such conduct as is charged is over, above, and outside of the statutes in question. *Phillips*, supra.

 The single question presented which conceivably alleges action directly attributable to a statute arises from the charging of fees for taking the examination, and a division of any balances left from the fees after expenses among the examiners as compensation for their services. This provision is found in Code § 9–113, supra.[1]

The only gloss of substantiality which this allegation possesses is that which rests on the case of Hulett v. Julian, 250 F.Supp. 208 (M.D.Ala., 1966). There the Justice of Peace received his only fees out of fines imposed upon the conviction of a criminal defendant. The court enjoined the Justice of the Peace from trying a defendant on the charge of reckless driving on the ground that the due process clause of the Fourteenth Amendment was violated through trial by a judge who had such a direct pecuniary interest in convicting the defendant.

The instant case is distinguishable. Unlike the case of a criminal justice system where the only compensation the trier receives is from fines, it cannot be assumed here that the receipt of part of the fees by the bar examiners, if there are in fact any such receipts, might motivate or sway the examiners one way or the other. Such receipts as may be left over are derived from all of the fees paid and not simply from those who fail to pass the examination. The fact that a very low percentage of applicants during recent years have passed the bar examination will not carry the day. Moreover, plaintiff acknowledged in open court that he could present no proof of any discrimination or wrongdoing whatever arising under these payments. We conclude that no substantial federal question is presented with respect to this payment statute.

An additional issue asserted by plaintiff, and one which goes against the entire bar examination procedure, is that there is no statutory appeal from a decision of the bar examiners. This issue, assuming arguendo a federal due process right to an appeal, is answered by the Georgia decisions which permit a mandamus proceeding against the examiners.

---

1. Each applicant before presenting his application to the judge, shall remit to the chairman of the board of examiners the sum of $30, and shall exhibit his receipt for it to the judge, and, out of the fund thus arising, the board of examiners shall pay all the expenses incurred in carrying this law into effect, and shall divide the balance equally among themselves as compensation for their services.

Cf. Jenkins v. Manry, 1961, 216 Ga. 538, 118 S.E.2d 91; Ex parte Ross, 1944, 197 Ga. 257, 28 S.E.2d 925. Thus again no substantial federal question is presented.

The three-judge district court is dissolved. All non three-judge district court questions are left for a single district judge.