28160. BOARD OF EXAMINERS IN OPTOMETRY et al. v. SOCIETY OF PROFESSIONAL OPTOMETRISTS, INC. et al.

SUBMITTED AUGUST 3, 1973 — DECIDED SEPTEMBER 6, 1973.

*Arthur K. Bolton, Attorney General, Timothy J. Sweeney, Assistant Attorney General, Daniel D. Kleckley, Deputy Assistant Attorney General,* for appellants.

*Gambrell, Russell, Killorin, Wade & Forbes, Harold L. Russell, Lanier & Elliott, Wayne T. Elliott,* for appellees.

MOBLEY, Chief Justice. This appeal is from the grant of a mandamus absolute.

The Society of Professional Optometrists, Inc., and two members of the society, brought a petition for mandamus against the Georgia State Board of Examiners in Optometry, and its members, seeking to require the respondents to consider on its merits the seminar conducted by the society on February 11, 1973, to determine if they would approve the seminar for the purpose of complying with Code Ann. § 84-1109 (Ga. L. 1971, p. 234). The seminar was attended by 23 optometrists.

Code Ann. § 84-1109 requires that each person practicing optometry shall register annually with the Joint-Secretary, State Examining Boards, pay an annual fee of $25, and, effective January 10, 1972, shall submit satisfactory proof of his attendance, during the year immediately preceding, for the number of hours fixed by the Georgia State Board of Examiners in Optometry, "at an educational program or programs providing training in professional techniques employed in the practice of optometry and which have been approved by the Georgia State Board of Examiners in Optometry." This Section provides that: "Any request for board approval of an educational program shall be submitted in a timely manner with due regard for the necessity of investigation and consideration by the board."

On January 27, 1973, a member of the appellee society wrote the optometry board, on behalf of the society, stating that the purpose of the letter was to officially notify the board that the society was sponsoring a continuing education seminar for the purpose of complying with the rule requiring seven hours of continuing

education each calendar year: The letter stated that the seminar was scheduled for February 11, 1973, and gave the agenda. The board was invited to have a representative present, at no cost to the representative, "in order that the board may be officially informed of those attending, subject matter covered, and by whom."

At a meeting of the optometry board on March 7, 1973, the board refused to consider the request of the society for approval of its educational program on February 11, 1973, "since the request for approval of the courses was not submitted in a timely manner with due regard for the necessity of investigation and consideration by the board."

The trial judge granted mandamus absolute, requiring the board to consider on its merits the educational program conducted by the society on February 11, 1973, and to expeditiously render a determination as to whether the program will be accepted by the board for the purposes of complying with Code Ann. § 84-1109 for the calendar year 1973, for license renewal for the year 1974, by those who attended the program.

It is the contention of the board that Code Ann. § 84-1109 plainly contemplates that an application for approval of an educational program shall be submitted, and the application be acted upon by the board, prior to the program. It is further contended by the board that the society made no application for approval of its program until after the program was held, and that the board was under no duty to consider the application.

The Act requiring optometrists to attend an educational program each year, as a condition precedent to the renewal of their license in the next succeeding year; has been in effect less than two years. The board has issued no permanent rules governing the programs.

The law requires that the board fix the number of hours required by February 1 of each calendar year. On January 10, 1972, the board mailed a letter to all licensed optometrists setting the number of hours that would be required for 1972, and stating that any courses not set out in the letter as approved must be submitted to the board for approval at least 20 days prior to the beginning of the course. This letter did not purport to establish rules for any year except 1972.

No minimum number of hours of continued education was set by the board by February 1; 1973, as required by the statute, and no information in regard to the approval of educational programs

was furnished until March 26, 1973. On that date a letter was mailed by the board to all licensed optometrists, which stated that any course of which approval was requested must be submitted to the board 20 days prior to its meeting of July 11, 1973, and after the July meeting, any request for approval must be submitted 60 days prior to an official board meeting.

At the time the educational program of the appellee society was held on February 11, 1973, there was no regulation by the board in effect governing requests for approval of educational programs. Therefore, the only requirements were those in Code Ann. § 84-1109.

This Code Section does not state specifically, nor necessarily imply, that the program must be approved by the board prior to the time the program is held. The board relies on an alleged construction of the statute by the board, known to the appellees, that approval of a course was required prior to the time the course was held. However, no communication by the board to the optometrists, either before or after the society's seminar, indicates such construction.

Code Ann. § 84-1109, in requiring that any request for board approval "shall be submitted in a timely manner with due regard for the necessity of investigation and consideration by the board," might be construed as meaning that such request for approval be made prior to holding the educational course. The board asserts that no such prior request was made by the society. This assertion ignores the letter of the society of January 27, 1973. In the absence of a required form for the submission of requests for approval, this letter was sufficient to constitute a request for board approval under the statute. This letter of January 27, 1973, notifying the board of the seminar to be held on February 11, 1973, would meet the statutory requirement of submission in a "timely manner," where no rules setting a longer period of time were in effect. The board was, therefore, not authorized to refuse to consider the merits of the seminar on the ground that the request for approval was not timely. The members of the society attending the seminar were irreparably injured by the refusal of the board to consider the merits of the seminar.

The courts will not direct a public official by mandamus as to what manner he will exercise the discretion vested in him, but they may compel the officer to exercise his discretion. *Thomas v. Ragsdale,* 188 Ga. 238, 243 (3 SE2d 567); *Ex Parte Ross,* 197 Ga. 257 (1) (28 SE2d 925); *Persons v. Mashburn,* 211 Ga. 477, 480 (86

SE2d 319).

The trial judge did not err in granting mandamus absolute, requiring the board to consider on its merits the seminar of the society.

The dire consequences which the board predicts will follow such decision may be avoided in the future by the establishment of reasonable rules and regulations, in the manner provided by law, to govern the submission of requests for approval of educational programs.

*Judgment affirmed. All the Justices concur, except Nichols, J., disqualified.*