BROCK *vs.* THE STATE OF GEORGIA.

The commissioners in Gwinnett county — like the ordinary in a county where there are no commissioners—have power to grant or refuse a license to retail liquors. If a license is arbitrarily refused, the remedy is by mandamus; and such a refusal does not give the right to retail without a license,

Criminal law. County matters. Before Judge ERWIN. Gwinnett Superior Court. March Term, 1880.

Reported in the decision.

JNO. A. WIMPY, for plaintiff in error.

A. L. MITCHELL, solicitor-general, by brief, for the state.

JACKSON, Chief Justice.

Cal Brock was indicted for the offense of retailing spir-ituous liquors without license, and was convicted. A motion for a new trial was refused him, and he brought the case here. The evidence is conclusive that he sold the spirits, and the only point he makes is that he is not guilty, because he made application for license, and the commissioners of Gwinnett county refused to grant it, though he offered to pay for it and comply with the terms of the law.

By the local act of 1872, creating that board of commissioners, they are invested with the same powers that the inferior court possessed prior to the constitution of 1868. Acts of 1872, p. 423.

That court had the power to grant or refuse license. Code of 1863, section 1377. It was, therefore, lawful for the board to refuse the application.

The ordinary has the same discretion now in counties where there is no board of commissioners empowered to

act on the subject.   Code of 1873, §1413.   So that there is nothing in the point, and the judgment is affirmed.

Even if the commissioners arbitrarily refused the license, the defendant's remedy was by mandamus.   He had no right to retail, and when he did so for any reason without license, he committed an offense against the criminal laws.

Judgment affirmed.