HODGES *et al.*, commissioners, *v.* KENNEDY.

No. 11779. MAY 14, 1937.

*Deal & Renfroe,* for plaintiffs in error.

*P. H. Preston Jr.,* and *R. Lee Moore,* contra.

BELL, Justice. C. E. Kennedy filed a suit for the writ of mandamus to compel Fred W. Hodges and two others, consisting of the members of the board of commissioners of Bulloch County, to issue to the plaintiff a license to sell beer at his store in that county. The petition alleged the following: (1) "That by virtue of an act passed in 1935 by the General Assembly of Georgia, known as the 'malt-beverage act,' the county board of commis-

sioners was given authority to issue [to] manufacturers wholesale or retail licenses to make or sell malt beverages in their or its respective county; that under said act the defendant board of commissioners in Bulloch County is the sole authority authorized to issue retail malt-beverage licenses." (2) "That the plaintiff, who operates a small grocery store and filling-station in said county, has applied to the defendants for a license to sell malt beverages, but said board arbitrarily refused to issue said license to your petitioner, giving to petitioner as a reason for so doing the following: that petitioner's store is within one hundred yards of a college campus, to wit: campus of the South Georgia Teachers College." (3) "Petitioner shows that his store is about five or six hundred yards from the campus of the South Georgia Teachers College." (4) "That the sale of beer or malt beverages at petitioner's store, which is located one mile south of Statesboro, Georgia, on the Statesboro-Metter highway, will in no way be a violation of any State law." The defendants' general and special demurrer to the petition was overruled, and they excepted pendente lite. The trial resulted in a verdict in favor of the plaintiff, and a mandamus absolute was granted. The defendants made a motion for a new trial, which the court overruled, and they excepted and assigned error on that judgment, and on the exception pendente lite.

The malt-beverage act of March 23, 1935, provided as follows: "The privilege of manufacturing, distributing, and selling by wholesale or retail of beverages provided in this act is purely a privilege, and no business legalized by this act shall be conducted in any county or incorporated municipality of this State without a permit from the governing authority of such county or municipality, which said authority is hereby given discretionary powers as to the granting or refusal of such permits." Ga. L. 1935, p. 73, sec. 15A. The plaintiff is dependent upon this statute if he is to obtain a "license." The act empowers the county authorities to grant such licenses or permits, but the entire matter is left to their discretion; and where they have refused an application, the courts will not control their discretion by the writ of mandamus. See *Green* v. *Spears*, 181 *Ga.* 486 (182 S. E. 913); *Harbin* v. *Holcomb*, 181 *Ga.* 800 (184 S. E. 603); *Tate* v. *Seymour*, 181 *Ga.* 801 (184 S. E. 598); *Murray* v. *Ashburn*, 182 *Ga.* 699 (186 S. E.

801); *McKown* v. *Atlanta*, 184 *Ga.* 221 (190 S. E. 571). The present case involves not only the question of discretion on the part of the county authorities, but also the question of a right which may be enforced by a mandamus. "To entitle one to the writ of mandamus it must appear that he has a clear legal right to have performed the particular act which he seeks to have enforced." *City of Atlanta* v. *Blackman Health Resort*, 153 *Ga.* 499 (5), 505 (113 S. E. 545); *Adkins* v. *Bennett*, 138 *Ga.* 118 (74 S. E. 838); *Cassidy* v. *Wiley*, 141 *Ga.* 333 (80 S. E. 1046, 51 L. R. A. (N. S.) 128). The act of 1935 does not confer a right upon any one; but, so far as here material, it is expressly limited to the grant or refusal of a mere privilege; and the writ of mandamus will not lie to compel the local authorities to enforce a mere "privilege" when they are given the distinct power to grant or refuse it according to their discretion. It follows that in the instant suit for the writ of mandamus the allegations did not state a cause of action, and the court erred in not sustaining the general demurrer and dismissing the petition. The further proceedings were nugatory.

*Judgment reversed. All the Justices concur.*