## PHILLIPS *v.* HEAD.

No. 12812.   JUNE 15, 1939.   REHEARING DENIED JULY 15, 1939.

512

*Thomas E. McLemore* and *Talmadge, Fraser & Camp,* for plaintiff.

*J. V. Carmichael* and *Russell S. Grove,* for defendant.

BELL, Justice. (After stating the foregoing facts.) The petition involves an application of two acts of the General Assembly of this State. The first is the malt-beverage act of March 23, 1935 (Ga. L. 1935, p. 73), and the second is the act of March 29, 1937 (Ga. L. 1937, p. 624), relating to the operation of public dance-halls, tourist-camps, barbecue-stands, and described places of amusement. In section 15A of the act of 1935 it was declared: "The privilege of manufacturing, distributing, and selling by wholesale or retail of beverages provided in this act is purely a privilege, and no business legalized by this act shall be conducted in any county or incorporated municipality of this State without a permit from the governing authority of such county or municipality, which said authority is hereby given discretionary

powers as to the granting or refusal of such permits." As was said in *Harbin* v. *Holcomb,* 181 *Ga.* 800 (184 S. E. 603), "The petitioner is dependent upon the act of 1935, if he is to obtain a license. He claims no other lawful authority. That act empowers county authorities to grant such licenses; but the power to act is left to the discretion of the local authority." It was further said in that case: "The refusal of a license to the petitioner does not deprive him of life, liberty, or property. The sale of malt beverages is declared by the act to be a privilege, and a denial of a license does not deprive the petitioner of anything to which he has an absolute right. The court did not err in sustaining the general demurrer to the petition." It was said also that "where the refusal is arbitrary and contrary to law, mandamus is a remedy," but under the facts of the case this latter statement was a mere dictum and is not binding. · The same is true of the similar statement in *Brock* v. *State,* 65 *Ga.* 437, cited in the *Harbin* case. See also *Tale* v. *Seymour,* 181 *Ga.* 801 (184 S. E. 598); *Murray* v. *Ashburn,* 182 *Ga.* 699 (186 S. E. 801); *Hodges* v. *Kennedy,* 184 *Ga.* 400 (191 S. E. 377). As was stated in *Hart* v. *Head,* 186 *Ga.* 823, 824 (199 S. E. 125), the petition involves not only the question of discretion on the 'part of the county authority, but also the question of a right which may be enforced by the writ of mandamus. "To entitle one to the writ of mandamus it must appear that he has a clear legal right to have performed the particular act which he seeks to have enforced." *City of Atlanta* v. *Blackman Health Resort,* 153 *Ga.* 499 (5), 505 (113 S. E. 545); *Adkins* v. *Bennett,* 138 *Ga.* 118 (74 S. E. 838); *Cassidy* v. *Wiley,* 141 *Ga.* 333 (80 S. E. 1046, 51 L. R. A. (N. S.) 128). In *Lee* v. *State,* 184 *Ga.* 327 (4) (191 S. E. 256), it was stated that "The paper issued by municipal or county authorities [as a license] is a mere permit revocable by them at their pleasure." In *McKown* v. *Atlanta,* 184 *Ga.* 221 (190 S. E. 571), it was held that the city council could grant or refuse a permit within their discretion, and thereafter revoke the same without notice to the holder; also that "Being a privilege, it can be withheld, and may be given to one and denied to another." As was pointed out in that case, the business of selling malt beverages in this State is, from its very nature, one which admits of strict regulation. The court further noted in the *McKown* case that the selling of malt beverages is

not such a business as was dealt with in *Peginis* v. *Atlanta,* 132 *Ga.* 302 (63 S. E. 857, 35 L. R. A. (N. S.) 716), *Jones* v. *Atlanta,* 51 *Ga. App.* 218 (179 S. E. 922), and like cases, where the businesses under consideration were inherently legitimate, and were not subject to *strict* regulation under the police power.

Each of the foregoing decisions construing the act of 1935 was concurred in by all of the Justices. From these authorities it seems to be a necessary conclusion that any person engaging in the business of selling malt beverages can lawfully do so only upon the basis of a mere privilege, which the designated authorities are authorized to grant or refuse, or even to revoke after grant, in the exercise of an absolute discretion, with the exception of certain limitations upon *grant,* which are not here material. The privilege is based upon a mere "permit," and may be refused for any reason, or arbitrarily. In other words, since a person engaged in such business can only look to the statute and proceed under it, he necessarily accepts the statute with its several burdens and conditions, however rigid or severe they may seem to be. This is true not only as to one who is seeking a permit for the first time, but also as to persons who may have previously engaged in the sale of malt beverages under a permit granted by the proper authorities. These views are supported by earlier decisions. In *Ison* v. *Griffin,* 98 *Ga.* 623, 625 (25 S. E. 611), it was said: "When he accepted his license from the corporate authorities of Griffin, Ison was chargeable with knowledge that it was revocable at any time, irrespective of the question whether or not he did any overt or unlawful act which would of itself afford cause for revocation. This being so, he took it subject to the city's right to revoke it at pleasure; and therefore, when it was revoked, no legal wrong was done him." In *Plumb* v. *Christie,* 103 *Ga.* 686 (30 S. E. 759, 42 L. R. A. 181), it was held that no one has a property right to have issued to him a license to sell intoxicating liquors. In the opinion, pages 691-2, the court reasoned as follows: The right of the plaintiffs "is based solely upon the idea that they are entitled to have issued to them a license to sell spirituous and other intoxicating liquors. This business is an illegal one without the grant of a special privilege from the State, or from some other tribunal clothed by the State with the power. It is therefore neither a contract nor a property right, but a mere permit to do what would otherwise be in violation of the

statutes of the State. It is a license which the authorities in control have the power to grant or withhold, and even, in their discretion, to revoke after grant. When the plaintiffs first entered into their business, it was upon these conditions that they necessarily accepted their licenses. No contract, express or implied, was ever by any power entered into with them guaranteeing a continuation of the privilege; and a refusal to continue such license, *it matters not upon what grounds based,* does not interfere with or violate any of their vested rights; there being in the charter of the municipality, giving it control over this matter, no restriction placed upon an exercise of its discretion and authority." (Italics ours.) In *Melton* v. *Moultrie,* 114 *Ga.* 462 (40 S. E. 302), it was held: "It is within the power of the duly constituted authorities of any municipality, having by law the power to grant licenses to retail spirituous and intoxicating liquors, to revoke such licenses at any time, without refunding the money paid therefor or any part of the same. . . The fact that the holders of such revoked licenses had invested money in liquors, or in fixtures needed in the business of retailing the same, would not vary the application of the rule."

Now as to the act of 1937. The plaintiff concedes in his petition that the business which he proposes to conduct falls within the provisions of this statute. By section 2 it is declared: "Such commissioners of roads and revenues or other authority in charge of said counties shall have authority to grant or refuse such permission, or to grant the same for such time and under such regulations as they may deem proper for the public good." The businesses referred to in this act were evidently deemed by the legislature to be proper subjects for such regulation and authority, mainly because of their locations and consequent opportunities for evil associations and practices. Under the authorities heretofore cited in this opinion, it is equally clear that the petition did not show any right either to mandamus or injunction under this statute. The court did not err in sustaining the general demurrer and dismissing the petition. The present case is distinguished from *Thomas* v. *Ragsdale,* 188 *Ga.* 238, for reasons indicated in the decision in that case.

*Judgment affirmed.· All the Justices concur.*