HARMON *v.* JAMES, Commissioner, *et al.*

No. 15467. MAY 10, 1946.

743

*R. S. & C. W. Foy,* for plaintiff.

*C. C. Pittman* and *Jared J. Bull,* for defendants.

CANDLER, Justice. (After stating the foregoing facts.) 1. Nowhere in the petition is it alleged that the petitioner or any other person has filed, or desires to file, any application for a permit to engage in the retail sale of any of the beverages mentioned in the petition. So far as the record here discloses, such application may never be filed. "Mandamus will not be granted when it is manifest that the writ would, for any cause, be nugatory or fruitless; nor will it be granted on mere suspicion or fear, before a refusal to act or a wrongful act done." Code, § 64-106. In *Smith* v. *Hodgson,* 129 *Ga.* 494, 497 (59 S. E. 272), this court said: "The writ if granted should be effectual as a remedy, and if the status would not be changed, a wise judicial discretion would justify its refusal. The court will refuse this extraordinary remedy when it will prove unavailing, and when no result will be accomplished, or the status changed by its issuance." Unless some one desires to make an application to the commissioners for a permit to engage in the sale of the beverages mentioned—and the petition here does not allege that any one does—and to have them hear and consider such application, the granting of the writ here would be useless and no result accomplished. We think that, when such an application has been presented and its acceptance

refused, or when a permit to engage in the sale of such beverages has been denied, except for proper cause or in abuse of the discretion vested in the commissioners, such a time will be soon enough to apply for the writ of mandamus. Until then, "sufficient unto the day is the evil thereof" should be applicable. Before mandamus will issue, the law must not only authorize the act to be done, but must require its performance (*Hart* v. *Head,* 186 *Ga.* 824, 199 S. E. 125); and to entitle one to the writ of mandamus, it must appear that he has a clear legal right to have performed the particular act which he seeks to have enforced. *Adkins* v. *Bennett,* 138 *Ga.* 118 (74 S. E. 838); *Cassidy* v. *Wiley,* 141 *Ga.* 333 (80 S. E. 1046, 51 L. R. A. (N. S.) 128); *City of Atlanta* v. *Blackman Health Resort,* 153 *Ga.* 499 (5), 505 (113 S. E. 545); *Hodges* v. *Kennedy,* 184 *Ga.* 400 (191 S. E. 377); *Phillips* v. *Head,* 188 *Ga.* 511 (4 S. E. 2d, 240). We can not bring ourselves to believe that the petitioner has such a clear legal right here involved as will require the granting of the rather harsh writ of mandamus to secure its performance.

This case differs on its facts from *Thomas* v. *Ragsdale,* 188 *Ga.* 238 (3 S. E. 2d, 567), and for that reason is clearly distinguishable. In that case Thomas had filed with the governing body of the county an application for license to engage in the sale of whisky under the provisions of the Revenue Tax Act to Legalize and Control Alcoholic Beverages and Liquors (Ga. L. Ex. Sess. 1937-38, p. 103), as approved on February 3, 1938, and after the county, at an election called for that purpose, had voted in favor of the sale of whisky; but notwithstanding the election, the commissioners refused to provide rules and regulations governing the sale of whisky outside of the corporate limits of any municipality located in the county and refused to accept and hear his application filed for license. The court held in that case that—since the act approved February 3, 1938, which authorized the sale of whisky in those counties of the State where, at an election held for that purpose, the vote had been in favor of legalizing the sale of whisky, made it the duty of the governing body of the county to prescribe rules and regulations governing the conduct of such places of business, and to receive and hear applications for licenses to engage in the sale of such liquors—the county commissioners could not arbitrarily decline to receive and grant such applications. We think

that the facts in that case present a situation entirely different from the one here involved. From what has been said, we must hold that the present petition did not state a cause of action for the relief sought, and it was not erroneous to sustain the general demurrer of the commissioners.

2. Since we hold that the petition did not state a cause of action for the writ of mandamus, it becomes unnecessary to pass on the other assignments of error.

*Judgment affirmed. All the Justices concur.*