MURPHY *v.* WITHERS *et al.*

No. 16282. JULY 15, 1948.

*P. Q. Bryan,* for plaintiff.

*William H. Riddlespurger,* for defendant.

*Hoyt H. Whelchel,* for persons at interest not parties.

JENKINS, Chief Justice. (After stating the foregoing facts.) Before taking up the controlling question in this case, it is well to point out that the prayers of the petition are not for a mandamus to compel the city authorities to accept and pass upon an application for a wine license, as in *Harmon* v. *James,* 200 *Ga.* 742 (supra) ; or to fix terms and conditions upon which licenses might be issued as in *Thomas* v. *Ragsdale,* 188 *Ga.* 238 (supra) ; but rather, the contention in this case is that the failure of the defendants to issue the particular license sought by the particular applicant is wilful and contrary to law, in that they had no discretion in the matter, and the prayers of the petition are that the writ issue, "requiring them to issue a wine license to *plaintiff* to conduct such business in the City of Moultrie, Ga." The question, therefore, is entirely different from that presented in the cases above cited, where in a proper case mandamus might lie for the purposes there indicated. Accordingly, the sole question here involved is whether or not the plaintiff has such a right to engage in the business of retailing wine as can be enforced by the writ of mandamus.

In this connection, the rule, as repeatedly stated by this court, is that, before mandamus will issue, "the law must not only *authorize* the act to be done, but must *require* its performance." *Hart* v. *Head,* 186 *Ga.* 823, 824 (199 S. E. 125) ; and to entitle one

to the writ of mandamus, it must appear that he has a clear legal right to have performed the particular act which he seeks to have enforced. *Harmon* v. *James*, 200 *Ga.* 742 (supra). In the instant case, the only authority for anyone in Georgia to engage in the business of retailing wines is contained in the so-called "Wine Act of 1935" (Ga. L. 1935, pp. 492 et seq.), the pertinent portions of which, as several times amended, are now codified under §§ 58-801 et seq. of the Annotated Code Supplement. In *Sprayberry* v. *Wyatt*, 203 *Ga.* 27 (45 S. E. 2d, 625), this court, in considering the provisions of the "Wine Act" together with the provisions of the Code, § 58-101, which defines prohibited liquors and beverages, has held that *wine is still a prohibited beverage* under Georgia law, and that in order to remove it from the operation of the law as stated in the Code, §§ 58-101 and 58-109, its sale "must be in a county where it is not prohibited, and the seller must also have a license permitting him to sell or deal in wine." In other words, under the above ruling by this court, the Wine Act has not conferred an absolute right to engage in the business of retailing wines, but on the contrary it is only in counties which have not voted to prohibit its sale that the statute authorizes one to make application for a license, without which, even in such a county, its sale would be illegal. With respect to the right to obtain a license to retail wines, the legislature has itself recognized that the business of retailing wines is by its nature one so affected with a public interest as to be the proper subject for strict police regulation by providing (Code Ann. Supp. §§ 58-806, 58-807), that local governing authorities "may refuse to grant such license upon proper cause;" and further that such authorities may "close any place retailing wines, which is not conducted in an orderly manner." Since each application for a wine license must be determined on the basis of altogether-local circumstances and considerations, the grant or refusal of a license must remain within the sound discretion of the local governing authorities. Manifestly, courts will not upon an application for the writ of mandamus pass upon the sufficiency of the "cause" in cases where the application for wine license has been denied; but if the refusal of such license could be tested and controlled by the courts, then and in such event the remedy would be by certiorari contesting the judgment of refusal, and not by mandamus seeking to override a judgment not appealed from.

After determining that the business of retailing wines is illegal without a license, and one subject to strict police regulation, and that the grant or refusal of such a license is discretionary with the local governing authorities, it follows that the right to obtain such a license by mandamus is altogether analogous to the right of an individual to obtain by mandamus a license to engage in the business of retailing malt beverages or other spirituous liquors. In cases of the latter character, under repeated rulings of this court, mandamus will not lie to compel the issuance of a license, and its denial does not deprive the applicant of anything to which he has an absolute right, nor does it deprive him of life, liberty, or property. *Ward* v. *Drennon,* 201 *Ga.* 605 (2) (40 S. E. 2d, 549), and cases there cited. Accordingly, since the instant petition is not to compel the city to fix terms and regulations under which applications for licenses must be considered, but is a mandamus proceeding to compel the municipal authorities to issue a license to the particular applicant bringing the proceeding, and since the applicant has no inherent legal right to engage in such a business, which can be made the proper subject for enforcement by the writ of mandamus, this court will not inquire into the exercise of discretion lawfully reposed in the defendants to determine whether or not the refusal of a license in the instant case was so arbitrary or capricious as to constitute an abuse of discretion. *Ward* v. *Drennon; Thomas* v. *Ragsdale,* supra. The obiter dictum in *Brock* v. *State,* 65 *Ga.* 437, to the effect that where the refusal is arbitrary and contrary to law, mandamus is a remedy, has already been dealt with by this court as such in *Phillips* v. *Head,* 188 *Ga.* 511, 516 (4 S. E. 2d, 240), and as there ruled is not binding. As to the right to a mandamus to obtain a license to engage in a business which is of a character inherently legitimate (as distinguished from one subject to strict police regulation), where there has been a gross abuse of discretion in its denial, see *Ward* v. *Drennon,* 201 *Ga.* 605 (2 *a*) (supra).

Under the foregoing rulings, the trial court did not err in dismissing the petition for mandamus on general demurrer.

*Judgment affirmed. Duckworth, Presiding Justice, Atkinson, Wyatt, Head, and Candler, Justices, and Judge A. M. Anderson, concur.*