18732. ROZIER *et al. v.* REDWINE, Commissioner.

HEAD, Justice. 1. The "Revenue Tax Act to Legalize and Control Alcoholic Beverages and Liquors" (Ga.· L. 1937-38, Ex. Sess., pp. 103-124; Code, Ann. Supp., Chapter 58-10) provides that the State Revenue Commissioner shall have power to "revoke or cancel for cause after hearing any license issued by him." Code (Ann. Supp.) § 58-1022 (c).

2. The petition alleged that the notice served on the petitioners specified the violations charged as that of "selling whiskey to non-licensees . . . between the 10th of January and the 27th of February," and the violation of Executive Order 603, providing for the manner of receiving alcoholic beverages by wholesale licensees. This notice was a sufficient compliance with the requirements of the act.

3. The act creating the Department of Revenue and the office of State Revenue Commissioner, entitled, "Administration of Taxing Laws" (Ga. L. 1937-38, Ex. Sess., pp. 77-103; Code, Ann. Supp., Chapter 92-84) was amended by the acts of 1943 (Ga. L. 1943, pp. 204, 206; Code, Ann. Supp., § 92-8426.4). This amendment repealed the provisions of the original act creating a State Board of Tax Appeals and substituted in lieu thereof the following: "Except as otherwise provided by this Act, all matters, cases, claims and controversies, of whatsoever nature arising in the administration of the revenue laws, or in the. exercise of the jurisdiction of the State Revenue Commissioner or the Department of Revenue, as conferred by this Act, shall be for determination by the State Revenue Commissioner, subject to review by the courts as provided for by Section 45 of Chapter IV of this Act." Under sec. 45 of the original act (Ga. L. 1937-38, Ex. Sess., p. 100; Code, Ann. Supp., § 92-8446), the petitioners would have the right to appeal to the superior court of the county of their residence within fifteen days from

the date of a judgment canceling the license described in the petition.

4. The petitioners, therefore, have a full, complete, and adequate remedy provided by law, and the trial court properly dismissed their action seeking to enjoin a hearing by the commissioner.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 15, 1954—DECIDED NOVEMBER 9, 1954—REHEARING DENIED DECEMBER 2, 1954.

*Colon J. Cogdell, Christopher & Futral,* for plaintiffs in error.

*Eugene Cook, Attorney-General, John W. Wilcox, Jr., Assistant Attorney-General, B. B. Zellars, Joel J. Fryer,* contra.