22382. KICKLIGHTER v. CITY OF JESUP et al.

ARGUED FEBRUARY 11, 1964—DECIDED MARCH 5, 1964.

*Albert E. Butler,* for plaintiff in error.
*William A. Zorn, Zorn & Royal,* contra.

GRICE, Justice. The sustaining of a demurrer to a petition for mandamus is for review here. Jack Kicklighter, by a proceeding filed in the Superior Court of Wayne County against the City of Jesup, its mayor, council and clerk, sought to require those defendants to regulate the sale of intoxicating liquors in

that municipality and also to issue to him a license to sell such liquors at a designated place therein.

1. We first consider the petition insofar as it seeks to require regulation of the sale of liquors.

It alleges that pursuant to Ga. L. 1937-38, Ex. Sess., p. 103, a Wayne County election was held which resulted in a vote in favor of legalizing, taxing and controlling alcoholic beverages and liquors; and that although the City of Jesup has the authority "to regulate the sale of liquors in territory under its jurisdiction, it has failed and refused to do so."

However, we find that the allegation as to failure and refusal to regulate is a conclusion which is not supported by the facts appearing elsewhere in the petition. In this connection it recites the following facts: that the City "by virtue of its Ordinances pursuant to State Law and its rules and regulations formulated thereunder has the authority to issue licenses for the Retail Sale of Intoxicating Liquors . . ."; that petitioner duly published notice of his application for a license in a designated newspaper "as provided by law" (not a State requirement); that his application was "taken up by the city council"; that the mayor found it "in order" and that he passed all investigative procedures; and that he "has complied with all the ordinances and requirements of the city necessary to entitle him to the issuance of this permit. . ."

Thus, although petitioner contends that the city has failed and refused to regulate the sale of liquors, his allegations show that it has passed ordinances and rules and regulations for that purpose, that it has set up investigative procedures for screening applicants, and that his application was considered by the city council.

Therefore, construing the allegations of the petition most strongly against the pleader, as we must on demurrer, it fails to allege failure and refusal to regulate. Thus it differs from *Thomas v. Ragsdale*, 188 Ga. 238 (3 SE2d 567), where the petition showed a failure to regulate.

We conclude that no cause of action is alleged here to compel such regulation.

2. We next assess the petition insofar as it seeks to compel

issuance to the petitioner of a license to sell intoxicating liquors.

In this respect it alleges materially as follows: that petitioner duly applied for such a license and tendered the required fee; that this was done after duly publishing in a named newspaper, as required by law, the making of his application; that the matter was taken up by the City Council of Jesup at a stated time and the application was found "in order" and petitioner "had passed all investigative procedures establishing his good character and reliableness"; that the location of the proposed store was "within the permissive areas established by the State of Georgia" and the city had the right to locate it there; that the council "without discussion, consideration, legal or moral reason . . ." voted to deny the application; that he "has complied with all the ordinances and requirements of the city necessary to entitle him to the issuance of this permit" and the location has been zoned for business use; and that such refusal "is arbitrary and contrary to law being preconceived by outside unaffected interests working behind the scenes, and before deliberation, and done knowing that petitioner was within his legal rights to have the permit issued."

In assessing the foregoing allegations it must be borne in mind that the "Revenue Tax Act to Legalize and Control Alcoholic Beverages and Liquors" (Ga. L. 1937-38, Ex. Sess., pp. 103, 121; *Code Ann.* § 58-1068), declares that the manufacture, sale and distribution of spirituous liquors is a *"privilege* in this State and not a right." (Emphasis ours.) Furthermore, "to entitle one to the writ of mandamus it must appear that he has a clear legal *right* to have performed the particular act which he seeks to have enforced." (Emphasis ours.) *Harmon v. James,* 200 Ga. 742 (38 SE2d 401), and citations. See also, *Hart v. Head,* 186 Ga. 823 (199 SE 125). And the rule is that "since no one has an inherent right to engage in such a business, which can be made the proper subject for enforcement by the writ of mandamus— this court will not, therefore, inquire into the exercise of discretion lawfully reposed in the defendant mayor and council to determine whether or not such discretion has been grossly abused or arbitrarily or capriciously exercised." *Murphy v. Withers,* 204 Ga. 60 (48 SE2d 721).

We therefore hold that the petition fails to allege facts compelling the issuance of a license.

3. The ruling in the preceding division is controlling upon the petitioner's allegations as to unconstitutionality of that portion of section 9 of the said Revenue Tax Act (Ga. L. 1937-38, Ex. Sess., pp. 103, 112; *Code Ann.* § 58-1031), which provides that no license shall be granted by the State Revenue Commissioner until the applicant has exhibited a municipal license. Since no right, but a mere privilege, is involved here, the petitioner is not in position to assert the denial of a right guaranteed by the State or Federal Constitution. Cf. *Schlesinger v. City of Atlanta,* 161 Ga. 148 (2b) (129 SE 861); *McKown v. City of Atlanta,* 184 Ga. 221 (3, 4) (190 SE 571).

*Judgment affirmed. All the Justices concur. Duckworth, C. J., concurs in the judgment but not in all that is stated in the opinion.*