22788.   CITY OF COLLEGE PARK et al. v. HAMILTON.

ARGUED JANUARY 12, 1965—DECIDED FEBRUARY 8, 1965.

*Griffin Patrick, Jr.,* for plaintiffs in error.

*Fine & Rolader, D. W. Rolader,* contra.

MOBLEY, Justice. The facts of this case indicate that defendant relied on the city's issuing the aforementioned permits by spending substantial sums of money to purchase the property and in preparation for moving his house thereto, and defendant claims the city is now estopped from revoking the permits and that it is the duty of the city to reinstate same. However, the city maintains that defendant did not comply with the prerequisite requirements set out in its building code before the permits could validly be issued, in that he failed to submit a drawing of the proposed building and failed to post a bond as required by ordinance; that the building inspector did not inform the mayor and council of these deficiencies when he recommended the granting of the building permit, and that the building inspector was not authorized to waive said requirements.

The Building Code of the City of College Park provides: "105.4—Plot Diagram. The Building Official shall require drawings showing the location of the proposed building or structure and of every existing building or structure on the site or lot. . . ." It further provides as to the requirement of a permit to move a building that: "2204.4. The Building Official, as a condition precedent to the issuance of such permit, shall require a bond to be executed by person desiring such removal permit."

The record clearly shows that defendant has neither submitted the required drawings, nor posted any bond. Assuming, without deciding, that the facts herein establish a meritorious case of estoppel, the question is whether mandamus is the proper remedy.

"Before the writ of mandamus will issue against a public officer, the applicant must show, first, that he has a clear legal right to the relief sought and second, that there is no other adequate remedy." *Solomon v. Brown,* 218 Ga. 508, 509 (128 SE2d 735); *State Hwy. Dept. v. Reed,* 211 Ga. 197 (3) (84 SE2d 561). Before mandamus will issue, the law must not only authorize the act to be done, but must require its performance, *Hart v. Head,* 186 Ga. 823, 824 (199 SE 125); "and to entitle one to the writ of mandamus, it must appear that he has a clear legal right to have performed the particular act which he seeks to have enforced. *Adkins v. Bennett,* 138 Ga. 118 (74 SE 838); *Cassidy v. Wiley,* 141 Ga. 333 (80 SE 1046, 51 LRA (NS) 128); *City of Atlanta v. Blackman Health Resort,* 153 Ga. 499 (5), 505 (113 SE 545); *Hodges v. Kennedy,* 184 Ga. 400 (191 SE 377); *Phillips v. Head,* 188 Ga. 511 (4 SE2d 240)." *Harmon v. James,* 200 Ga. 742, 744 (38 SE2d 401).

The particular act which the petitioner seeks to require the city to do, is to reinstate the permits, No. 2300 and No. 2230, which permits authorize petitioner to move a house from a named place to another lot and to erect said house on said lot.

Counsel has cited no statute, ordinance, or other authority authorizing the City of College Park to reinstate permits of the character here sought which it had previously issued, and none requiring such action of the city. We know of no such authority for or requirement of the city to reinstate such permits previously issued and purportedly canceled. Thus it appears that

the petitioner fails to meet the requirements of the law for the issuance of a mandamus against the city.

*Judgment reversed. All the Justices concur.*