23157. LINDSEY et al. v. HILL.

ARGUED OCTOBER 13, 1965—DECIDED NOVEMBER 4, 1965.

*Harold Sheats, Mathew Robins, John Tye Ferguson,* for appellants.

*Thomas A. Travis, Jr.,* for appellee.

GRICE, Justice. Enumerated as errors are two judgments rendered in a mandamus proceeding involving an application for a license for the retail sale of liquor. One of the judgments overruled the general demurrers to the petition and the other ordered the issuance of the license. These judgments resulted from a petition filed in the Superior Court of Fulton County by Carol Wagner Hill against Archie Lindsey and two others, as the board of commissioners of roads and revenue of that county, and Frank R. Fling, as its clerk. The defendants interposed general and special demurrers and also an answer. The parties stipulated facts which, with the pleadings, were submitted to the trial judge, without a jury, for determination. However, under our view of the case it is necessary only to state the material allegations of the petition.

The plaintiff alleged that the board of commissioners has exclusive control over the issuance of county licenses for the sale of spirituous liquors. She applied for such a license but the board refused to grant it. The sole reason for its denial was that the proposed site for her store was in violation of a specified section of its rules and regulations, in that her store site was within 200 feet of a private residence on the same side of the street. She alleged that, in fact, her proposed site was not within 200 feet of such residence on the same side of the street, since the residence was on a different street altogether. Her proposed site is located on the west side of Roswell Road, and the residence is on Sandy Springs Circle, a street which runs perpendicular to Roswell Road, and on the side of Sandy Springs Circle which causes the property line of such residence to join that of her proposed site.

The petitioner further alleged that such interpretation and application of this section of the board's rules and regulations was clearly erroneous, arbitrary, and in direct contradiction of its plain language. The defendants have the duty under the regulations to issue the license to her, as she has fully complied with all of their requirements, and they have failed to discharge

that duty, in violation of her rights. She has no other specific legal remedy for their enforcement.

The petition prayed for mandamus nisi and a mandamus absolute requiring the defendants to issue to her a license for the sale of spirituous liquors as provided in such regulations.

In reviewing the overruling of the defendants' general demurrers to this petition, we deem it unnecessary to resolve the issue as to interpretation of the regulation referred to. Rather, we place reliance upon a basic principle of mandamus, and regard *Kicklighter v. City of Jesup,* 219 Ga. 744 (135 SE2d 890) (one Justice concurring in the judgment only), as controlling.

In that case the petitioner sought a retail liquor license and alleged, insofar as material here, that he had complied with all of the regulations for such license, but that the council "without discussion, consideration, legal or moral reason . . ." denied his application; and that such denial was arbitrary and contrary to law ". . . and done knowing that petitioner was within his legal rights to have the permit issued."

There, this court, in sustaining a demurrer to the petition, said: ". . . 'to entitle one to the writ of mandamus it must appear that he has a clear legal *right* to have performed the particular act which he seeks to have enforced.' . . . *Harmon v. James,* 200 Ga. 742 (38 SE2d 401), and citations. See also *Hart v. Head,* 186 Ga. 823 (199 SE 125). And the rule is that 'since no one has an inherent right to engage in such a business, which can be made the proper subject for enforcement by the writ of mandamus—this court will not, therefore, inquire into the exercise of discretion lawfully reposed in the defendant mayor and council to determine whether or not such discretion has been grossly abused or arbitrarily or capriciously exercised.' *Murphy v. Withers,* 204 Ga. 60 (48 SE2d 721)."

A consideration of the allegations made in the case at bar requires the same conclusion reached in the *Kicklighter* case (219 Ga. 744, supra), that the petition failed to allege a cause of action for mandamus.

Accordingly, the subsequent granting of the mandamus absolute was nugatory, and need not be passed upon here.

*Judgment reversed. All the Justices concur, except Mobley,*

*J., not participating for providential cause. Duckworth, C. J., and Candler, P. J., concur specially.*

DUCKWORTH, Chief Justice, concurring specially. While I do not agree with the opinion, I concur in the judgment of reversal solely because the record shows that the proposed liquor store is on the same side of the street (Sandy Springs Circle) as that of a residence and was on an adjoining lot to that of the residence and was within 200 feet of that residence which is forbidden by the county rules. It is obvious that the real question both parties wish decided was the true meaning of the rule. Its purpose is to prevent a liquor store within 200 feet of a residence when there is no street dividing them, and I would place the judgment of reversal solely upon this solid ground rather than the legally disputed ground of the majority opinion.

I am authorized to state that Mr. Presiding Justice Candler concurs in this special concurrence.