26070. GOLDBERG v. MULHERIN, Chairman, et al.

UNDERCOFLER, Justice. William Goldberg filed an application with the Board of Commissioners of Richmond County for a license to sell wine, beer and whiskey. His application was denied. He filed a complaint in the Superior Court of Richmond County alleging he had complied with all of the requirements of Richmond County regulating the sale of wine, beer and whiskey and sought a mandamus absolute, requiring the defendants to issue the alcoholic beverage license sought by him.

The defendants filed a motion to dismiss the action because it failed to show on its face that the plaintiff had a clear legal right to the license and because its issuance is a matter of privilege and completely within the discretion of the governing authority of Richmond County.

The trial court granted the motion of the defendant and dismissed the complaint. The appeal is from that judgment. *Held:*

1. The "Revenue Tax Act to Legalize and Control Alcoholic Beverages and Liquors" (Ga. L. 1937-38, Ex. Sess., pp. 103, 121; *Code Ann.* § 58-1068), declares that the manufacture, sale and distribution of spirituous liquors is a "privilege in this State and not a right." Also, "to entitle one to the writ of mandamus, it must appear that he has a clear legal right to have performed the particular act which he seeks to have enforced." *Harmon v. James*, 200 Ga. 742, 744 (38 SE2d 401); *City of East Point v. Weathers*, 218 Ga. 133, 136 (126 SE2d 675). Therefore, "since no one has an inherent right to engage in such a business, which can be made the proper subject for enforcement by the writ of mandamus—this court will not . . . inquire into the exercise of discretion lawfully reposed

in the defendant mayor and council to determine whether or not such discretion has been grossly abused or arbitrarily or capriciously exercised." *Murphy v. Withers,* 204 Ga. 60 (48 SE2d 721) ; *Weathers v. Stith,* 217 Ga. 39 (1) (120 SE2d 616) ; *City of East Point v. Weathers,* supra; *Kicklighter v. City of Jesup,* 219 Ga. 744, 746 (135 SE2d 890) ; *Lindsey v. Hill,* 221 Ga. 518 (145 SE2d 555).

The argument that the issuance of such licenses should be a right rather than a privilege is a matter which addresses itself to the legislature rather than this court.

It follows that there is no merit in this contention of the appellant.

2. The appellant contends that he has been denied equal protection of the laws under the Fourteenth Amendment of the Federal Constitution because he was not granted a license to sell beer, wine, and whiskey. We do not agree with this contention. "Since no right, but a mere privilege, is involved here, the petitioner is not in a position to assert the denial of a right guaranteed by the State or Federal Constitution." *Kicklighter v. City of Jesup,* 219 Ga. 744, 747, supra; *McKown v. City of Atlanta,* 184 Ga. 221 (3, 4) (190 SE 571).

3. Enumerations of error not argued are considered abandoned.

It follows that the judgment of the trial court must be *Affirmed.* *All the Justices concur, except Felton, J., who dissents.*

ARGUED SEPTEMBER 16, 1970—DECIDED OCTOBER 8, 1970.

*John D. Watkins,* for appellant.
*Franklin H. Pierce,* for appellee.

FELTON, Justice, dissenting. In my opinion this case is controlled by Niemotko v. Maryland, 340 U. S. 268. As I interpret the decision in this case it rules out completely the exercise of arbitrary and unbridled discretion whether the thing sought is a right in the citizen or a mere privilege granted to citizens conditionally. The court outlawed authority for the grant of a privilege stating: "No standards appear anywhere; no narrowly drawn limitations; no circumscribing of this absolute power; no substantial interest of the community to be served. It is clear that all that has been said about the invalidity of such limitless discretion must be equally applicable here."