25910. ALLEN, Mayor, et al. v. CARTER et al.

PER CURIAM. William B. Carter, d/b/a Columbus Liquor Store, Columbus Liquor Corporation and James Dempsey Teal filed their petition for mandamus in the Superior Court of Muscogee County against J. R. Allen, Mayor, City of Columbus, and other named persons as City Commissioners of the City of Columbus and against Ralph Britt, Marshal of the City of Columbus seeking a mandamus requiring the named defendants to approve the transfer of two designated retail liquor licenses from Carter to Teal. The mandamus nisi issued and, upon the hearing, the judge of the superior court passed an order making the rule absolute. The appeal here is from that judgment. *Held:*

1. Mandamus will not lie to a public officer who has an absolute discretion to act or not to act unless it be shown that in refusing to act he is guilty of a gross abuse of discretion. *Code* § 64-102. One is not entitled to the writ of mandamus unless he has a clear legal right to have performed the act which he seeks to have enforced. *Cassidy v. Wiley,* 141 Ga. 331, 333 (80 SE 1046, 51 LRA (NS) 128); *Hodges v. Kennedy,* 184 Ga. 400, 402 (191 SE 377); *Phillips v. Head,* 188 Ga. 511, 514 (4 SE2d 240); *Harmon v. James,* 200 Ga. 742, 744 (38 SE2d 401). The manufacture, distribution and sale of spirituous liquors is in this State expressly declared by law to be a privilege and not a right. Ga. L. 1937-38, Ex. Sess., pp. 103, 121 (*Code Ann.* § 58-1068). *Goldberg v. Mulherin,* 226 Ga. 785 (SE2d). This rule applies to the issuance and transfer of licenses granting to persons the privilege of engaging in the sale of such commodities.

2. Applying the foregoing rules to the issues in this case, the Mayor and the City Commissioners of the City of Columbus had a discretion to grant or withhold from the applicants their approval of the proposed transfer of a city license to sell

spirituous liquors from one of the applicants to the other and the applicants had no clear legal right to the approval by the city authorities of such transfer. It follows that the judge of the superior court erred in granting the mandamus absolute.

*Judgment reversed. All the Justices concur, except Felton, J., who dissents.*

ARGUED JULY 13, 1970—DECIDED OCTOBER 8, 1970.

*James H. Fort, Harry Dicus,* for appellants.

*Hirsch & Hodges, Milton Hirsch, M. Douglas Hodges,* for appellees.

FELTON, Justice, dissenting. I dissent from the judgment and opinion for the reason stated in my dissent in *Goldberg v. Mulherin,* 226 Ga. 785.