### 29500. BLACKMON et al. v. ALEXANDER.

HILL, Justice.

Ben J. Alexander filed applications with the State Department of Revenue for licenses to sell alcoholic beverages for consumption on the premises and for a package store. Such applications were preliminarily denied on three grounds, but after hearing were finally denied on two grounds. Thereafter, the applicant sought a hearing in the Superior Court of Chatham County de novo under the provisions of Code Ann. § 92-8446.

After hearing evidence the trial judge issued findings of fact, conclusions of law and judgment, in which he held that the licenses should be granted. The Revenue Commissioner appeals from that judgment.

1. The primary question to be considered is whether or not the decision of this court in *Rozier v. Redwine,* 211 Ga. 208 (85 SE2d 34), should, as the appellant contends,

be overruled. That decision, rendered in 1954, ruled that the holder of a liquor license could not maintain a suit to enjoin the Commissioner of Revenue from canceling such license because Code Ann. § 92-8426.4 (Ga. L. 1943, pp. 204, 206) provided for review of the Commissioner's decision by the superior court of the taxpayer's residence and the petitioner thus had an adequate remedy at law.

The office of Revenue Commissioner and the Department of Revenue were created in 1938 by an Act entitled "Administration of Taxing Laws" (Ga. L. 1937-38, Ex. Sess., p. 77). That Act, hereinafter identified as the "tax administration act," prescribed the Commissioner's powers and duties (Id. at pp. 80-81). That same Act created the Board of Tax Appeals and gave it the function of reviewing individual assessments and tax digest revisions made by the commissioner (Id., pp. 89-90). It also provided for appeals from decisions of the tax board to the superior court of the taxpayer's residence (Id., p. 100).

At that same session, the General Assembly passed the "Revenue Tax Act to Legalize and Control Alcoholic Beverages and Liquors" (Ga. L. 1937-38, Ex. Sess., p. 103), hereinafter identified as the "liquor act." The liquor Act empowered the Revenue Commissioner to issue and decline to issue the licenses therein provided for, and to revoke or cancel them (Id., pp. 108, 109). He was given "reasonable discretion" not to issue such licenses (Id., p. 108). The liquor Act made no provision for review by the Board of Tax Appeals (or for appeal to the superior court). The liquor Act is codified in Code Ann. Ch. 58-10.

Five years later the Tax Administration Act was amended by an Act which stated in its caption that its purpose was to abolish the Board of Tax Appeals and to provide for the discharge of its duties and functions (Ga. L. 1943, p. 204). The amendment provided in pertinent part as follows (Ga. L. 1943, pp. 204, 206): "Except as otherwise provided by this Act, all matters, cases, claims and controversies, of whatever nature arising in the administration of the revenue laws, or in the exercise of the jurisdiction of the State Revenue Commissioner or the Department of Revenue, *as conferred by this Act* [the tax administration Act], shall be for determination by the

State Revenue Commissioner, subject to review by the courts as provided for by Section 45 of Chapter IV of this Act. The effect of this section shall be that, except as hereinafter provided, all final rulings, orders and judgments of the State Revenue Commissioner shall be subject to appeal and review under Section 45 of this Act *in the same manner, under the same procedure, and as fully, as if same had been considered and passed upon by the State Board of Tax Appeals.*" (Emphasis supplied.) This section was originally codified as Code Ann. § 92-8426.2. (See presently § 92-8426.4).

As was said in *Williams v. Suwanee &c. Mfg. Co.,* 96 Ga. App. 260, 263 (99 SE2d 734), "The effect of this amendment was to provide for appeals to the superior court from rulings of the commissioner in those cases where previously the State Board of Tax Appeals was required to pass upon them before an appeal could be had to the superior court." Thus, after the 1943 amendment, appeals from decisions of the Commissioner which formerly had gone to the Tax Board thereafter went directly to the superior court of the taxpayer's residence pursuant to Section 45 of the Tax Administration Act (which is codified as Code Ann. § 92-8446). Although Section 45 of the 1938 Tax Administration Act was not amended in the 1943 amendment, the codifiers were obliged to revise the forepart of Code Ann. § 92-8446 to delete reference to the Tax Board, as the codifiers' note shows.

Section 45 of the Tax Administration Act (Ga. L. 1937-38, Ex. Sess., pp. 77, 100) actually reads in pertinent part as follows: "The findings by the Board of Tax Appeals shall not be final; but either party may appeal from any order, ruling or finding of the said Board to the Superior Court of the county of the residence of the taxpayer. . . "

As can be seen above, Code Ann. §§ 92-8426.4 and 92-8446 relate to individual assessments and tax digest revisions made by the Commissioner pursuant to the Tax Administration Act (Code Ann. Ch. 92-84). They are not applicable to the Commissioner's denial of a liquor license pursuant to the liquor Act (Code Ann. Ch. 58-10). To interpret them so as to be applicable to liquor licenses is to apply them in a manner different than the General

Assembly intended, as shown by the language of the sections and by the caption and history of the Tax Administration Act.

It follows that *Rozier v. Redwine,* 211 Ga. 208, supra, was not correctly decided and it is therefore overruled. It also follows that the Superior Court of Chatham County would not have jurisdiction in this case by virtue of Code Ann. §§ 92-8426.4 and 92-8446.

We can easily imagine that the trial judge had no choice but to follow *Rozier v. Redwine,* supra. However, we have no choice but to correct an error of law when it is made to appear.

2. Having concluded that Code Ann. § 92-8446 is inapplicable in this case, it follows that the appeal procedures prescribed by that Code section (e.g., as appeals from the court of ordinary to the superior court) are inapplicable here, and appellant's remaining enumerations of error need not be decided.

It would appear that the Administrative Procedure Act is not applicable to the regulation of liquor and alcoholic beverages. Code Ann. § 3A-102 (a). In his brief the Revenue Commissioner states unequivocally that even though Code Ann. §§ 92-8426.4 and 92-8446 are not available to a liquor license applicant, an aggrieved applicant has remedies for review of the Commissioner's actions and decisions in regulating the alcoholic beverages industry. We concur. *Hudspeth v. Hall,* 113 Ga. 4, 7 (38 SE 358).

However, the Commissioner does not specify the nature of such remedies. Believing as we do that an aggrieved applicant should not be without a remedy if the Commissioner were to abuse his "reasonable discretion" (Code Ann. § 58-1022(b)) not to issue a liquor license, we point out that, in the absence of other available means of review, the overruling of *Rozier v. Redwine,* supra, makes equitable remedies available in a court having jurisdiction of the parties.

Denial and cancellation of liquor licenses are actions of a public official subject to court review. In the absence of some remedial review prescribed by law, equity is available to review alleged abuses of discretion by the administrative licensing authority.

For the reasons stated in Division 2 above, the judgment of the trial court must be reversed.

*Judgment reversed. All the Justices concur, except Undercofler, P. J., who dissents from Division 2.*

ARGUED JANUARY 15, 1975 — DECIDED FEBRUARY 25, 1975.

*Arthur K. Bolton, Attorney General, David A. Runnion, Assistant Attorney General,* for appellants.
*Bobby F. Herndon,* for appellee.

UNDERCOFLER, Presiding Justice, dissenting from Division 2.

In my opinion a liquor license is an absolute privilege and the refusal of the Revenue Commissioner to issue such license is not reviewable. Code Ann. § 58-1068 (Ga. L. 1937-38, Ex. Sess., pp. 103, 121); *Allen v. Carter,* 226 Ga. 727 (1) (177 SE2d 245); *Goldberg v. Mulherin,* 226 Ga. 785 (1) (177 SE2d 667).