James Larry JOHNSON, Plaintiff,

v.

**GEORGIA DEPARTMENT OF REVENUE, et al., Defendants.**

No. 1:96–cv–1224–CAM.

United States District Court,
N.D. Georgia,
Atlanta Division.

Nov. 12, 1997.

James Larry Johnson, Helena, GA, pro se.

Sheri Layne Smith, State of Georgia Law Department, Atlanta, GA, Michael J. Bowers, Warren R. Calvert, Daniel M. Formby, Office of State Attorney General, Atlanta, GA, for Georgia Department of Revenue, defendant.

Warren R. Calvert, Office of Attorney General, Atlanta, GA, for Marcus E. Collins, Sr., Tax Commissioner, defendant.

Michael J. Bowers, Warren R. Calvert, John C. Jones, Office of State Attorney General, Atlanta, GA, George P. Shingler, Casey Gilson & Williams, Atlanta, GA, for Robert "Bob" Keller, defendant.

## ORDER

MOYE, Senior District Judge.

The above-styled action is before the court on plaintiff's motion for summary judgment [# 21–1]; defendants' cross motion for judgment on the pleadings [# 22–1]; and plaintiff's motion for default judgment [# 26–1].

### FACTS

In the spring of 1991, plaintiff pled guilty to possession of marijuana and cocaine with intent to distribute. Plaintiff is currently confined at a Georgia State Prison and is serving a thirty-year sentence. Pursuant to O.C.G.A. § 48–15–1 *et seq.*, the State of Georgia assessed plaintiff an excise tax on the amount of marijuana and cocaine possessed by plaintiff at the time in which it was seized. In late February, 1996, plaintiff saw an advertisement in the Atlanta Journal Constitution for a public auction of his 1976 Mercedes. On April 2, 1996, plaintiff's car was sold at the public auction. Plaintiff now sues the Georgia Department of Revenue, former Commissioner of the Georgia Department of Revenue, Marcus Collins, and Robert Keller, Clayton County District Attorney.

Plaintiff has moved for summary judgment against defendants claiming that the Georgia Excise Tax on Marijuana and Controlled Substance Act, O.C.G.A. § 48–15–1 *et seq.* (the "Excise Tax Act"), is unconstitutional. Plaintiff claims this legislative enactment denies his due process rights, equal protection rights and constitutes double jeopardy under the law. Defendants deny that the Excise Tax Act violates plaintiff's constitutional rights in any way. Defendants further submit that the court need not reach this issue to dismiss defendants from this suit because the Eleventh Amendment bars plaintiff's § 1983 claims against defendants Department of Revenue and Marcus Collins, and certain other immunities bar plaintiff's claims against defendant Robert Keller.

**1.** "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by citizens or Subjects of any Foreign State." U.S. Const. Amend XI.

## LEGAL DISCUSSION

I. *MOTION FOR PLEADING ON THE JUDGMENT.*

■ Defendants move this court for judgment on the pleadings pursuant to Fed. R.Civ.P. 12[c] on all of plaintiff's claims. Judgment on the pleadings pursuant to Fed. R.Civ.P. 12[c] "should be granted only when there are no material issues of fact and the moving party is entitled to judgment as a matter of law." *In re Air Crash Disaster,* 158 F.R.D. 693, 696 (N.D.Ga.1994). For purposes of a motion for judgment on the pleadings, the court assumes that the allegations in the complaint are true. *Id.* at 697.

■ With respect to the Georgia Department of Revenue and Collins, defendants contend that they must be dismissed because this court lacks jurisdiction over them as they are protected by the Eleventh Amendment of the United States Constitution. The Eleventh Amendment [1] provides a constitutional limitation on federal judicial power based on the principle of sovereign immunity. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 98, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). "While the Amendment by its terms does not bar suits against a State by its own citizens, [the Supreme] Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan,* 415 U.S. 651, 662–63, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Absent consent from the state, a state and its agencies may not be directly sued regardless of the relief sought by plaintiff. *Kentucky v. Graham,* 473 U.S. 159, 167, n. 14, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Hence, the Georgia Department of Revenue must be dismissed from this action.

■ With respect to state officials, the Eleventh Amendment bars federal suits seeking damages against them in their official capacities [2] but not in their individual

**2.** A state official cannot be sued in his official capacity in federal court if the suit is for damages because any recovery would be from the state coffers. *Kentucky v. Graham,* 473 U.S. 159, 169, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1984). Regardless of whether the State is the named party, any suit "seeking to impose a liability which must be paid from public funds in the

capacities. *Hobbs v. Roberts,* 999 F.2d 1526, 1528 (11th Cir.1993). Furthermore, the Eleventh Amendment does not bar federal suits seeking only prospective injunctive relief against state officials in their official capacities, *Edelman,* 415 U.S. at 664, 666 n. 11, 94 S.Ct. 1347 (citing *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)). "A federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment." *Pennhurst,* 465 U.S. at 121, 104 S.Ct. 900.

To the extent that plaintiff in this case seeks to enjoin the application of the Excise Tax Act as unconstitutional, and to enjoin defendants from seizing his property without notice in connection therewith, the claims are seeking prospective injunctive relief and are not barred by the Eleventh Amendment. A suit against a state official for prospective relief, seeking to force the state official to comply with federal law, is not treated as a suit against the state for Eleventh Amendment purposes. *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).[3] In addition, the Eleventh Amendment does not bar plaintiff's claims for damages against Collins and Keller in their individual capacity.

With respect to plaintiff's claims for prospective injunctive relief in connection with the Excise Tax Act, the Tax Injunction Act mandates that this court refrain from ruling on such issue. More specifically, 28 U.S.C. § 1341 provides: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." The Tax Injunction Act restricts the federal district courts' power to prevent collection or enforcement of state taxes.

The United States Supreme Court has "interpreted and applied the Tax Injunction Act as a 'jurisdictional rule' and a 'broad jurisdictional barrier.'" *Arkansas v. Farm Credit Services of Central Arkansas,* 520 U.S. 821, 117 S.Ct. 1776, 138 L.Ed.2d 34, 65 U.S.Law Week, 4414, 4416 (June 2, 1997) (citation omitted). In *California v. Grace Brethren Church,* 457 U.S. 393, 408–409, 102 S.Ct. 2498, 73 L.Ed.2d 93 (1982), the Supreme Court stated that the Act was first and foremost a vehicle "to limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes." (internal quotation and citation omitted). The Supreme Court further explained:

> The federal balance is well served when the several States define and elaborate their own laws through their own courts and administrative processes and without undue interference from the federal judiciary. The States' interest in the integrity of their own processes is of particular moment respecting questions of state taxation.... The power to tax is basic to the power of the State to exist.
>
> Enactment of the Tax Injunction Act of 1937 reflects a congressional concern to confine federal court intervention in state government, a concern prominent after the Court's ruling in *Ex Parte Young,* ... that the Eleventh Amendment is not in all cases a bar to federal court interference with individual state officers alleged to have acted in violation of federal law.

*Arkansas v. Farm Credit Services of Central Arkansas,* 520 U.S. 821, 117 S.Ct. 1776, 138 L.Ed.2d 34 (1997).

In this case, plaintiff's request, if granted, will directly affect the state of Georgia's ability to assess, levy and collect the excise tax pursuant to its laws. "[T]he mere illegality or unconstitutionality of a state ... tax is not in itself a ground for equitable relief in the courts of the United States." *Moe v. The Confederated Salish and Kootenai Tribes of the Flathead Reservation,* 425 U.S. 463, 470, 96 S.Ct. 1634, 48 L.Ed.2d 96 (1976). *See also Moss v. State of Georgia,* 655 F.2d 668, 669 (5th Cir.1981) (holding that "[t]he fact the action was brought under 42 U.S.C.A. § 1983 does not preclude the application of the Tax Injunction Act."). The Tax Injunction Act

---

State treasury is barred by the Eleventh Amendment." *Edelman,* 415 U.S. at 663, 94 S.Ct. 1347.

**3.** *See Will v. Michigan Department of State Police,* 491 U.S. 58, 71 n. 10, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (holding that "a State official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983.").

prohibits this court from granting plaintiff's request unless a plain, speedy and efficient remedy is not available to plaintiff in the courts of State of Georgia.

In this regard, the court must determine whether plaintiff has "some opportunity to raise [his] constitutional objections [in the state courts]." *Grace Brethren Church,* 457 U.S. at 412 n. 26, 102 S.Ct. 2498. "In both *Roswell* and *Grace Brethren Church,* the Supreme Court upheld admittedly laborious state created remedies because it found that a complainant could eventually seek relief from a state court.... [A] state remedy is not inadequate if it first requires exhaustion of administrative remedies." *Colonial Pipeline Company v. Collins,* 921 F.2d 1237, 1246 (11th Cir.1991). Furthermore, the Supreme Court also held that "a two-year delay in mounting a tax challenge in state court still amounted to a "speedy" remedy after comparing this period to customary delays for civil cases in state courts and the corresponding federal district court." *Id.* "The Tax Injunction Act [does] not require[ ] that the state remedy be the best remedy available or even equal to or better than the remedy which might be available in federal court." *Ayers v. Polk County,* 697 F.2d 1375, 1377 (11th Cir.1983) (quotation and citation omitted). In measuring the adequacy of state remedies, the "plain, speedy and efficient exception must be narrowly construed." *Grace Brethren Church,* 457 U.S. at 413, 102 S.Ct. 2498.

There is no indication that plaintiff could not seek adequate remedy from the courts of the State of Georgia. The court in *AGE International, Inc. v. Miller,* 830 F.Supp. 1484, 1500 (N.D.Ga.1993), noted that "numerous cases ... indicate that the Georgia courts will entertain an action for declaratory or injunctive relief where the sole issue is the constitutionality of a tax statute." *See e.g., Parrish v. Employees' Retirement System,* 260 Ga. 613, 398 S.E.2d 353 (1990); *State v. Private Truck Council of America, Inc.,* 258 Ga. 531, 371 S.E.2d 378 (1988); *Blackmon v. Alexander,* 233 Ga. 832, 213 S.E.2d 842 (1975); *Blackmon v. Golia,* 231 Ga. 381, 202 S.E.2d 186 (1973). Thus, the court concludes that the Tax Injunction Act bars this court from considering plaintiff's claims for prospective declaratory and injunctive relief arising from the application of the Excise Tax Act.

▮ Inasmuch as all other remaining claims, including those involving defendant Keller[4] and those alleging lack of notice and hearing prior to seizure,[5] revolve around the issue of whether the Excise Tax Act may be constitutionally applied to plaintiff, they must also be dismissed. To the extent that a finding on the constitutionality of Georgia's Excise Tax Act is a prerequisite to any award against Collins or Keller, comity principles prevent this court from hearing those claims as well. *Johnsen v. Collins,* 875 F.Supp. 1571, 1585 (S.D.Ga.1994). In *Fair Assessment in Real Estate Ass., Inc. v. McNary,* the United States Supreme Court barred federal claims against state tax laws reasoning that damages actions under § 1983

4. With respect to Keller, plaintiff alleges, among other things, that Keller seized his private property (e.g., the 1976 Mercedes) in connection with his conviction for illegal drug activity. After the conviction, instead of returning the property to plaintiff, Keller allowed the Georgia Department of Revenue to gain possession of it. Plaintiff claims that this constituted aiding and abetting the Georgia Department of Revenue in depriving plaintiff of his constitutionally vested rights. Hence, plaintiff's claim against Keller depends on whether the Georgia Department of Revenue violated plaintiff's constitutional rights. In addition, the court notes that Keller had no power or control over the seized property since, pursuant to O.C.G.A. § 16-13-49(t), all of the seized property had already been forfeited to the State of Georgia when the illegal drug activity had occurred. *English v. The State,* 202 Ga.App. 751, 753, 415 S.E.2d 659 (1992) (holding that "when property is subject to forfeiture for a violation of the law, title vests absolutely in the government on the date of the illegal act.").

Initially, plaintiff also alleged that Keller breached the terms of the plea bargaining agreement which stated that plaintiff would suffer no monetary sanctions whatsoever from the offenses he pleaded to. This claim, however, was withdrawn by plaintiff.

5. Plaintiff alleges that he "was never given a notice or opportunity to be heard prior to seizure ... of [his] personal property [e.g., the 1976 Mercedes], thus violating [his] due process [rights]." Defendants sold plaintiff's Mercedes in order to collect the taxes owed by plaintiff pursuant to the Excise Tax Act. Hence, said seizure would not have occurred had plaintiff not been assessed the tax at issue.

require a "declaration" that the state law is unconstitutional before the plaintiff can recover and that allowing such claims would allow that which comity principles have barred for years. 454 U.S. 100, 113–15, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981).

Therefore, the court dismisses all claims for lack of jurisdiction.

## II. *OTHER MOTIONS.*

Because the above rulings have already addressed all issues in the remaining motions, the court DENIES them as MOOT.[6]

### CONCLUSION

In sum, the court 1) DENIES plaintiff's motion for summary judgment [# 21–1]; 2) GRANTS defendants' cross motion for judgment on the pleadings [# 22–1]; and 3) DENIES plaintiff's motion for default judgment [# 26–1].

All claims are hereby DISMISSED. The Clerk of the court is hereby DIRECTED to CLOSE this case.

---

**6.** The court notes that plaintiff's motion for default judgment is essentially his response to defendants' motion for judgment on the pleadings.